John F. BELLAMY, Jr.

v.

MASON'S STORES, INC., etc., et al.

Civ. A. No. 322–73–R.

United States District Court,
E. D. Virginia,
Richmond Division.

Dec. 7, 1973.

Ivy P. Blue, Jr., Hanover, Va., for plaintiff.

Matthew N. Ott, Jr., Richmond, Va., for defendants.

## MEMORANDUM

MERHIGE, District Judge.

Plaintiff, John F. Bellamy, Jr., seeks monetary and injunctive relief from alleged violations of rights of equal treatment secured to him by statutes of the United States. This action is brought pursuant to 42 U.S.C. §§ 1985(3), 1986 and 2000e et seq., and jurisdiction is attained pursuant to 28 U.S.C. §§ 1331, 1343, 2201 et seq., 42 U.S.C. § 2000e-5 (f). The matter is presently before the Court on defendants' Rule 12(b) (FRCP) motion to dismiss for failure to state a claim on which relief can be granted and plaintiff's response thereto. Upon the material before it, the Court deems the matter ripe for disposition.

The facts alleged as a basis for plaintiff's complaint are readily discernible. Defendant, Mason's Stores, is a private Virginia corporation. On or about February 2, 1972, plaintiff secured employment with Mason's Stores. Five months thereafter, or about July 6, 1972, plaintiff was discharged from his employment and was told by defendant Friedman, Mason's Stores' Area Supervisor, that he was being discharged solely because he was a member of the United Klans of America. Plaintiff further alleges, and for purposes of this motion the Court accepts as factual, that at all times during his employment with defendant he conducted himself and executed his duties in an exemplary manner.

■■■ Initially, plaintiff claims a deprivation of rights guaranteed under 42 U.S.C. § 2000e which prohibits discrimination in employment practices on the basis of race, color, religion, sex or national origin. Neither party claims that the scope of that act extends beyond protection against classification on the bases specifically enumerated above.

Plaintiff asserts that since his dismissal was based upon membership in an organization which he contends is racially exclusive in composition and ideology and dedicated to antisemitism, he falls within the protection afforded by § 2000e. Accepting the exclusivity asserted, there is no indication in the complaint that either plaintiff or any other person was discharged by the defendants because of race. Nor is there any indication that defendants have discriminated in any way against members of the caucasion race. Furthermore, the proclaimed racist and anti-semitic ideology of the organization to which Bellamy belongs takes on, as advanced by that organization, a narrow, temporal and political character inconsistent with the meaning of "religion" as used in § 2000e. Thus, plaintiff's claim under § 2000e fails to allege facts which indicate discrimination on a basis prohibited by the act, and that claim is, in the Court's view, without merit.[1]

Plaintiff's second claim alleges a cause of action premised on 42 U.S.C. § 1985 (3) which provides an action for damages against private persons who "conspire . . . for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws." "Any act" done in furtherance of such a conspiracy whereby another is "deprived of having and exercising any right or privilege of a citizen of the United States" is sufficient to predicate liability.

In Griffin v. Breckenridge, 403 U.S. 88, 91 S.Ct. 1790, 29 L.Ed.2d 338 (1971), the Supreme Court, speaking through Mr. Justice Stewart, delineated the elements which must be alleged to predicate

---

1. Plaintiff's reliance on Griggs v. Duke Power Co., 401 U.S. 424, 91 S.Ct. 849, 28 L.Ed. 2d 158 (1971) is misplaced. Although in *Griggs* the Supreme Court found that employment practices based on non-job related criteria are barred under the Act to the extent that they result in artificial barriers to employment, the resulting barrier must operate to effect a de facto discrimination on a basis prohibited by the Act before that holding is applicable.

liability in an action brought under 42 U.S.C. § 1985(3), as follows:

> . . . that the defendants did (1) "conspire or go in disguise . . ." (2) "for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws . . ." . . . that one or more of the conspirators (3) did, or caused to be done, "any act in furtherance of the object of [the] conspiracy," whereby another was (4a) "injured in his person or property" or (4b) "deprived of having and exercising any right or privilege of a citizen of the United States." 402 U.S. at 102–103, 91 S.Ct. at 1798.

Plaintiff's argument runs as follows:

1.  that defendants (Friedman and the corporation which employed him) conspired

2.  "with purposeful intent to discriminate against him as a member of the United Klans of America" and to deprive him of his constitutional right of freedom of association,[2]

3.  that in furtherance of this conspiracy, he was discharged by defendants from his employment, and

4.  that he was thereby deprived and inhibited in the exercise of his rights.

Although the specific circumstances remain at this point unclear, the complaint makes an allegation of a multi-party conspiracy sufficient to withstand, as to this aspect of the case, a motion to dismiss. Conley v. Gibson, 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 ·(1951).

In discussing the second element required in an action under § 1985(3), Mr. Justice Stewart, writing for a unanimous court in *Griffin*, stated:

> The language requiring intent to deprive of *equal* protection or *equal* privileges and immunities means that there must be some racial, or perhaps other class based, invidiously discriminatory animus behind the conspirators' action. 403 U.S. at 102, 91 S.Ct. at p. 1798 (Emphasis in original).

The primary thrust of the second element is to require that the motivation behind the conspiratorial purpose be "invidiously discriminatory."[3] Thus *Griffin* emphasizes not only that its defendants allegedly desired to interfere with the enjoyment of equal rights, including the rights of free speech, assembly, association and movement, but that "these allegations clearly support the requisite animus to deprive petitioners of the equal enjoyment of legal rights *because of their race*." 403 U.S. at 103, 91 S.Ct. at 1799 (emphasis added).[4]

As heretofore pointed out, the racially exclusive and antisemitic nature of the organization to which plaintiff here belonged does not, in the eyes of the law,

---

2.  Plaintiff also claims a purpose of interference with an alleged "equal" right to contract. He initially seeks to ground this right in the protection of § 2000e and Griggs v. Duke Power Co., *supra*, n. 1, found inapplicable above. Alternatively, plaintiff cites the Court to Sullivan v. Little Hunting Park, 396 U.S. 229, 90 S.Ct. 400, 24 L.Ed.2d 386 (1969) which interpreted 42 U.S.C. § 1982. That case is inapplicable since the contractual rights there in question consisted only of protection against racially motivated denial and related only to transactions in real or personal property. Cf. also, 42 U.S.C. § 1981, which secures equal opportunity to make contracts in general, but only against discrimination on the basis of race.

3.  As pointed out in *Griffin*, this motivation requirement is not to be confused with the test of "specific intent to deprive a person of a federal right made definite by decision or other rule of law" articulated in Screws v. United States, 325 U.S. 91, 103, 65 S.Ct. 1031, 1036, 89 L.Ed. 1495. The motivation aspect of § 1985(3) focuses not on scienter in relation to deprivation of rights but on invidiously discriminatory animus. 403 U.S. at 102, n. 10, 91 S.Ct. 1790.

4.  The extent to which that purpose must also be one which, if executed, would result in interference with legal rights is dealt with in the discussion of the fourth element, infra, at 1028–1029.

transform that organization into a racial or religious class. Nor, despite its proclaimed exclusive policies, does membership in the Ku Klux Klan constitute membership in a class otherwise defined by the traditional indicia of suspectness, the type of class required by *Griffin's* analysis. The class composed of members of the Ku Klux Klan is not, in the Court's opinion, possessed of discrete, insular and immutable characteristics comparable to those characterizing classes such as race, national origin and sex. See United States v. Carolene Products Co., 304 U.S. 144, 152, n. 4, 58 S.Ct. 778, 82 L.Ed. 1234 (1938); Frontiero v. Richardson, 411 U.S. 677, 93 S.Ct. 1764, 36 L.Ed.2d 583 (1973); San Antonio School District v. Rodriguez, 411 U.S. 1, 28, 93 S.Ct. 1278, 36 L.Ed.2d 16 (1973). The organization to which plaintiff belonged is in essence a political organization, and while the distinction between free association and class status in the racial sense may at times appear subtle, it is not without substance or criteria upon which a principled decision can be made.

Although plaintiff is not a member of a class of the nature found in *Griffin*, his claim under § 1985(3) would not under all circumstances fail in accord with the principle delineated in that case. Under the equal protection clause of the Fourteenth Amendment, fundamental constitutional interests, although acknowledged to present a separable question from that presented by "suspect classifications" have been endowed with a protection against discriminatory interference co-equal with that traditionally afforded classification according to race. Shapiro v. Thompson, 394 U.S. 618, 89 S.Ct. 1322, 22 L.Ed.2d 600 (1969); San Antonio School District v. Rodriguez, *supra*, 411 U.S. 1, 93 S.Ct. 1278, 36 L.Ed.2d 16 (1973). The considerations supporting this inclusive reading of the special concerns inherent in the use of the term "equal protection" are no less cogent when applied to a statute aimed at private action drafted by the same men who drafted the Fourteenth Amendment.

Plaintiff here alleges that he was discharged because of his membership in a political organization. Freedom of political association has long been recognized as a fundamental element of the First Amendment to the Constitution of the United States. NAACP v. Alabama, 357 U.S. 449, 78 S.Ct. 1163, 2 L.Ed.2d 1488 (1958). As such, discrimination on that basis is discrimination the invidiousness of which has been established as a primary target of the guarantee of "equal protection." Plaintiff has made such an allegation and in doing so he has satisfied the "invidious" motivation element.

Nonetheless, § 1985(3) still requires that the conspiratorial purpose not only be invidiously motivated, but that it be directed toward deprivation of "protection of the laws" or "privileges and immunities under the law." Furthermore, that purpose must be realized. Absent injury to person or property, § 1985(3) requires deprivation in fact "of having and exercising any right or privilege of a citizen of the United States."

At this point plaintiff's complaint falters. While certain constitutional rights are protected against private as well as state interference, see *Griffin, supra* (interstate travel); United States v. Guest, 383 U.S. 745, 86 S.Ct. 1170, 16 L.Ed.2d 239 (1966) (equal access to public facilities), freedom of association has not been considered such a right. Rather it is an element of the First Amendment applied to the states through the due process clause of the Fourteenth Amendment, NAACP v. Alabama, *supra*, 357 U.S. 449, 78 S.Ct. 1163 (1958), and as such it is constitutionally protected only against interference by the state. But *cf.* Collins v. Hardyman, 341 U.S. 651, 71 S.Ct. 937, 95 L.Ed. 1253 (1951) (Burton, J., dissenting). Plaintiff here was not and could not be deprived of this right by private persons acting as defendants are

alleged to have acted.[5] See Linscott v. Miller Falls Co., 316 F.Supp. 1369 (D. Mass.), aff'd, 440 F.2d 14 (1st Cir. 1971). Since, as noted above, plaintiff's alternative claims of legal right to employment absent discrimination of the nature here alleged are without substance, his complaint fails to allege the kind of injury covered by the Act. Concluding, therefore, that the complaint fails to state a claim upon which relief can be granted, defendants' motion is well taken.

For the reasons stated above, the defendants' motion to dismiss will be granted.

An appropriate order will issue.

---

5. Plaintiffs in *Griffin* who also claimed inhibition of freedom of association did not have to cope with this problem since they further alleged intended interference with interstate movement and personal injury arising from the conspiracy which by the terms of § 1985 alternatively satisfies the damage element.