John F. BELLAMY, Jr., Appellant,

v.

MASON'S STORES, INC., (RICHMOND), and A. Friedman, Appellees.

No. 74–1139.

United States Court of Appeals, Fourth Circuit.

Argued May 8, 1974.

Decided Dec. 27, 1974.

Ivy P. Blue, Jr., Hanover, Va., for appellant.

Matthew N. Ott, Jr., Richmond, Va. (Ott, Morchower, Thompson & McMullan, Richmond, Va., Alvin Goldstein and Berman, Paley, Goldstein & Berman, New York City, on brief), for appellees.

Before BOREMAN, Senior Circuit Judge, and CRAVEN and BUTZNER, Circuit Judges.

CRAVEN, Circuit Judge:

John Bellamy sued Mason's Stores, Inc., and its Richmond area supervisor, A. Friedman, under Title VII of the 1964 Civil Rights Act and 42 U.S.C. § 1985(3) to recover his job and damages. His complaint was that he was fired for his membership in the Ku Klux Klan. The district court dismissed his complaint. 368 F.Supp. 1025 (E.D.Va.1973). The issue on appeal is whether a private employee is protected by federal law from discharge on the ground that he belongs to an obnoxious organization, *i. e.*, whether the right of association is protected against private interference.

We agree with the district court that the complaint states no cause of action under Title VII, 42 U.S.C. § 2000e–2. That modern statute is directly aimed at discrimination based on the suspect classifications of race, color, national origin, sex, and religion. In his complaint Bellamy characterized the Klan as a patriotic organization. Nonetheless he argues that the Klan is also a religion because its meetings are full of "religious pomp and ceremony." For the limited purpose of a motion to dismiss, we think Bellamy is bound by his complaint, absent a timely motion to amend. We therefore decline to consider whether ceremony is enough to make the Klan a religion for the purposes of Title VII.

Coverage under 42 U.S.C. § 1985(3) is another matter.[1] The elements of an ad-

---

1. The applicable part of § 1985(3) reads as follows:

If two or more persons in any State or Territory conspire or go in disguise on the

equate complaint under that section are delineated by Griffin v. Breckenridge, 403 U.S. 88, 91 S.Ct. 1790, 29 L.Ed.2d 338 (1971). First of all it is clear from Mr. Justice Stewart's opinion that "the words of the statute fully encompass the conduct of private persons." 403 U.S. at 96, 91 S.Ct. at 1795. He went on to say that the failure to mention state action as a requisite "can be viewed as an important indication of congressional intent to speak in § 1985(3) of *all* deprivations of 'equal protection of the laws' and 'equal privileges and immunities under the laws,' whatever their source." 403 U.S. at 97, 91 S.Ct. at 1796. (Emphasis in original).

> To come within the legislation a complaint must allege that the defendants did (1) "conspire . . . " (2) "for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws." It must then assert that one or more of the conspirators (3) did, or caused to be done, "any act in furtherance of the object of [the] conspiracy," whereby another was (4a) "injured in his person or property" or (4b) "deprived of having and exercising any right or privilege of a citizen of the United States."

*Id.* at 102–103, 91 S.Ct. at 1798.

◼ Although it is clear that state action is not necessarily an essential ingredient under this statute, nevertheless we think that some state involvement is necessary in this particular application of the statute in order to maintain a cause of action.

As recently as 1965 six members of the Court were committed to the proposition that section 5 of the fourteenth amendment empowers the Congress to enact laws punishing all conspiracies, with or without state action, that interfere with fourteenth amendment rights. United States v. Guest, 383 U.S. 745, 86 S.Ct. 1170, 16 L.Ed.2d 239 (1966). But only a minority of the *Guest* Court thought that the fourteenth amendment per se secured the right to equal access to state facilities as against private invasion—absent some state involvement.

Mr. Justice Brennan, in partial dissent, stated the Court's view to be that:

> [B]ecause there exist no Equal Protection Clause rights against wholly private action, a conspiracy of private persons to interfere with the right to equal utilization of state facilities . . . is not a conspiracy to interfere with a 'right . . . secured . . . by the Constitution' within the meaning of [18 U.S.C.] 241.[2]

383 U.S. at 776, 86 S.Ct. at 1188.

◼ Section 1985(3) creates civil liability against any persons who conspire to deprive any other person or class of persons of "the equal protection of the laws, or of equal privileges and immunities under the laws." The language of the statute tracks the language of the fourteenth amendment, and we now know that included within it is a wholly private conspiracy to deny Negro citizens the right of travel and rights based upon the thirteenth amendment.[3] Griffin v. Breckenridge, *supra*. But we think the language of equal protection chosen by the 1871 Congress cannot be interpreted

highway or on the premises of another, for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws . . .; in any case of conspiracy set forth in this section, if one or more persons engaged therein do, or cause to be done, any act in furtherance of the object of such conspiracy, whereby another is injured in his person or property, or deprived of having and exercising any right or privilege of a citizen of the United States, the

party so injured or deprived may have an action for the recovery of damages, occasioned by such injury or deprivation, against any one or more of the conspirators.

2. Title 18 U.S.C. § 241 is the closest remaining criminal analogue of 42 U.S.C. § 1985(3). Griffin v. Breckenridge, 403 U.S. at 98, 91 S.Ct. 1790.

3. Unlike the fourteenth amendment, the thirteenth amendment is phrased positively and not as simply a prohibition against the states.

to mean that persons who conspire without involvement of government to deny another person the right of free association are liable under this statute. This is so because the right of association derives from the first amendment—itself framed as a prohibition against the federal government and not against private persons, and because the incorporation doctrine has never been extended by the Supreme Court to apply to private persons.

In Action v. Gannon, 450 F.2d 1227 (8th Cir. 1971), the en banc court held that § 1985(3) reached a private conspiracy, with no state action, to interfere with the plaintiff's first amendment rights of freedom of assembly and worship. The Eighth Circuit reasoned that Congress had the power to reach this conspiracy under sections 1 and 5 of the fourteenth amendment, and that the first amendment rights of freedom of assembly and worship have long since been incorporated into the fourteenth amendment and applied as against the states. Since Griffin, supra, makes it clear that private conspiracies without state action are within the compass of § 1985(3), the court concluded that the first amendment rights of freedom of assembly and worship are protected as against wholly private action. "Thus, the Eighth Circuit . . . combined the incorporation doctrine of the due process clause, Griffin's reading of section 1985(3) and Justice Brennan's Guest concurrence to eliminate the 'state action' limitation from the Bill of Rights." Note, Federal Power to Regulate Private Discrimination: The Revival of the Enforcement Clauses of the Reconstruction Era Amendments, 74 Colum.L.Rev. 449, 516 (1974). It is perfectly true that the first amendment now speaks to the states by way of the fourteenth amendment, but to say that it also speaks to private persons seems to us an innovation that must come from the Congress or the Supreme Court. It is not hard to reconcile what six members of the Court said in Guest—that Congress may punish private conspiracies to violate the fourteenth amendment guarantees—with what the Court held—that if the language of such a statute simply tracks that of the fourteenth amendment and there is no other source of the claimed "right" to be vindicated, it will be held to include the element of state action or at least some minimal state involvement.

For example, if the Congress should today become concerned about the integration of the public schools in Boston it seems reasonably clear that it could constitutionally make it a criminal offense for any person to interfere by force and violence with the attendance of children at public school. It would seem that the Congress could rationally conclude that such a statute would aid and implement the duty of the state under the fourteenth amendment to afford to all school children the equal protection of the laws. But if instead of clearly defining what was prohibited, i. e., interference with school attendance, the Congress merely reenacted § 1985(3), it would seem that an essential element of such an offense would be some involvement of the state—for the reason stated in Guest—that there are no Equal Protection Clause rights against wholly private action. Of course, if the complaint alleged a conspiracy against blacks and invoked the thirteenth amendment, it would be unnecessary to show state involvement. Griffin v. Breckenridge, supra.

Although the result achieved by the Eighth Circuit is an appealing one, we are unable to make the several jumps—without further guidance from the Supreme Court—from statutory language tracking the fourteenth amendment to the amendment itself to incorporation of the first amendment to application of that amendment to private persons, and while on our way jettison state involvement. But see Richardson v. Miller, 446 F.2d 1247 (3d Cir. 1971).

Affirmed.

BOREMAN, Senior Circuit Judge (concurring in the result):

While I am in complete agreement with the result reached by the majority opinion, that being the dismissal of the

complaint, I prefer to concur specially in order to express some fundamental differences I have with the reasoning adopted by the majority in affirming the decision of the court below.

At the outset, this complaint could have been dismissed for the reasons that the act of an agent is the act of the corporation and it is necessary to have two persons or entities in order for there to be a conspiracy; a corporation cannot conspire with itself. Nelson Radio & Supply Co. v. Motorola, 200 F.2d 911, 914 (5 Cir. 1952), cert. denied, 345 U.S. 925, 73 S.Ct. 783, 97 L.Ed. 1356 (1953).[1] A dismissal could have been achieved without reaching the constitutional question.

Turning to the constitutional issue, I have reservations concerning the broad view held by the majority as to the scope of Congressional power to punish private conspiracies. As I read the majority opinion, it implies that the Fourteenth Amendment provides Congress with the authority and power to punish purely private conspiracies that would infringe upon the right to engage in activities which are enumerated in the Constitution as rights of the people. They decline to grant relief, however, because they do not read the statute (42 U.S.C. § 1985(3)) as exercising that power and authority. They prefer to await a clear signal from Congress or the Supreme Court that this broad power has been approved and put into effect before acting to enforce it. I cannot agree with that view; Congress does not have such authority under the Fourteenth Amendment. Thus, no clear signal could properly be forthcoming from either Congress or the Supreme Court that the power had been exercised.

In my view the Fourteenth Amendment empowers Congress to protect activities commonly considered to be federal rights *only* from *interference by gov-*ernmental entities. The majority seeks to broaden that power to encompass *private* interference. In fact, the language pertaining to most federal rights is specifically limited to proscribing governmental interference, e. g., "Congress shall make no law . . ."[2] or "[n]o State shall make or enforce any law . . ."[3] The result is that the activities and conduct are protected only from governmental action; Congress has the authority to provide that protection and *no* other. The Fourteenth Amendment is specifically limited to protecting the citizenry from state action which impinges on the rights encompassed in that Amendment, while private infringements are not proscribed. There are some instances where Congress can reach purely private interference, such as voting in federal elections, Oregon v. Mitchell, 400 U.S. 112, 122, 91 S.Ct. 260, 27 L.Ed.2d 272 (1970); the right to travel, Griffin v. Breckenridge, 403 U.S. 88, 91 S.Ct. 1790, 29 L.Ed.2d 338 (1971); and the rights provided by the Thirteenth Amendment, Jones v. Alfred E. Mayer Co., 392 U.S. 409, 88 S.Ct. 2186, 20 L.Ed.2d 1189 (1968); however, they are exceptional freedoms uniquely requiring complete and absolute protection. Otherwise, and I repeat, Congress is empowered to protect the enumerated activity only from infringement by a governmental entity. In this case, it is not just the language of the statute, but the words of the Fourteenth Amendment which limit the relief to be granted.

The case of United States v. Guest, 383 U.S. 745, 86 S.Ct. 1170, 16 L.Ed.2d 239 (1966), relied upon by the majority, merely enunciates the fact that, under the Fourteenth Amendment, private conspiracies to cause *state action* which interferes with protected activities can be punished by Congress. Power to punish a private conspiracy to cause *state* interference is not power to punish a private

---

1. *Nelson Radio, supra,* is cited with approval in Greenville Publishing Co., Inc. v. Daily Reflector, Inc. (Craven, J.), 496 F.2d 391, 399 (4 Cir. 1974).

2. U.S.Const. amend. I.

3. U.S.Const. amend. XIV.

conspiracy to cause purely *private* interference. *Guest* does not mean that Congress can punish all conspiracies interfering with Fourteenth Amendment activities. Since the Fourteenth Amendment rights are all guaranteed protection from infringement by state action, Congress can punish only conspiracies which seek to cause state action violative of the Fourteenth Amendment. The authority of Congress is limited by the bounds of the mantle of protection the right provides, and that protection, in the Fourteenth Amendment, is limited to preventing governmental infringements upon the activities enumerated or incorporated into that Amendment. Thus, Congress cannot punish purely private conspiracies to interfere with activities which the Constitution protects only against governmental interference.

The example given by the majority, that Congress could pass a law proscribing private interference with public school attendance, is, in my opinion, fallacious. There is no federal right to be free from purely private interference in attending school. A conspiracy to cause the *state* to interfere with children seeking to attend classes could be reached by Congress, but not one to cause *private* individuals to interfere. The power of Congress is limited by the scope of the right, and the only method whereby the scope of these protections could be extended to purely private acts is by constitutional amendment, not by a signal from Congress or the Supreme Court.

Furthermore, there is no federal right to be protected against private discrimination because of one's patriotic affiliations. Conspiracy to cause the *state* to discriminate on that basis might be reached by Congress, but not acts of purely private discrimination. The relief sought by Bellamy is beyond the power of Congress or the federal judiciary to provide.

Thus, I agree that this case properly was dismissed, but not simply because the statute does not reach the discharge for membership in a patriotic organization, conduct for which the remedy is here sought. Rather, I view dismissal as proper because neither the Congress nor the federal judiciary has the authority to protect an activity (freedom of association) specifically designated as a First Amendment right from any infringement other than that proscribed (governmental infringement) by the language establishing the right. Other than the exceptions stated above, that protection is limited to preventing governmental interference and cannot reach purely private acts. Since Bellamy does not assert interference with his right to vote, right to travel, or with any right cognizable under the Thirteenth Amendment, he has not stated a claim for which relief may be granted by a federal court when he seeks redress for a purely private act of discrimination based on his affiliation with a "patriotic organization."