Richard Lee SAVINA, Plaintiff

v.

Robert L. GEBHART, individually and in his official capacity, and William A. Blankenship, Jr., individually and in his official capacity, and Carroll County, Maryland, Defendants.

Civ. No. JH–79–656.

United States District Court, D. Maryland.

Feb. 26, 1980.

Gerson B. Mehlman and Whiteford, Taylor, Preston, Trimble & Johnston, Baltimore, Md., and Barbara Mello and American Civil Liberties Union of Maryland, Baltimore, Md., and Howard J. Fezell, Rockville, Md., for plaintiff.

Edward J. Gutman, Rochelle S. Eisenberg, Max S. Stadfeld, Blum, Yumkas, Mailman & Gutman, P. A., Baltimore, Md., for defendants.

## MEMORANDUM AND ORDER

HOWARD, District Judge.

Pending before the court are defendants' motion to dismiss and motion for summary judgment. The court has considered the motions and responses thereto and has concluded that a hearing is unnecessary for decisions on these motions. Local Rule 6.

This action was brought by the plaintiff, Richard Lee Savina, under 42 U.S.C. §§ 1983, 1985 and 1988. Mr. Savina alleges the deprivation of his First and Fourteenth Amendment freedoms of expression of political beliefs and associations. In brief, the plaintiff contends his discharge from his job was based on the plaintiff's membership in or association with the Ku Klux Klan.

Mr. Savina was a probationary employee of Carroll County, Maryland from January to March 15, 1978. He was employed as a "school security monitor" at the Carroll County Vocational–Technical Center. As a security monitor, the plaintiff provided building security when the Vocational–Technical Center was not staffed by regular school board employees and at times when the school was used for community purposes.

On several occasions, Mr. Savina distributed Ku Klux Klan material to students and fellow employees at the school. The incident which apparently triggered Mr. Savina's discharge occurred on February 14, 1978 when the plaintiff broadcast racially derogatory remarks over the school public address system. Although there is some dispute about whether the broadcast was intentional or accidental, both sides agree that certain of Mr. Savina's remarks were broadcast.

Shortly thereafter, defendant Robert L. Gebhart recommended Mr. Savina's dismissal.[1] On March 6, 1978, William A. Blankenship, a Carroll County personnel officer, notified the plaintiff of his discharge, effective March 15, 1978. On April 6, 1978 Mr. Savina filed this suit against defendants Gebhart, Blankenship and Carroll County.

I. *Summary Judgment for the Defendants on the § 1983 Claim is Inappropriate*

In Count I of his complaint, Mr. Savina alleges the deprivation of his First and Fourteenth Amendment rights in contravention of 42 U.S.C. § 1983. Under that section, citizens of the United States may maintain "an action at law . . . or other proper proceeding" for the deprivation of a constitutional right under color of state law. 42 U.S.C. § 1983.

To state a claim under 42 U.S.C. § 1983, two elements must be pleaded: (1) the plaintiff must allege deprivation of a right secured by the Constitution and laws of the United States; and (2) the alleged deprivation must be under color of state law. *Adickes v. Kress & Co.*, 398 U.S. 144, 159, 90 S.Ct. 1598, 1609, 26 L.Ed.2d 142 (1969).

Mr. Savina has named two employees of Carroll County and the County itself as defendants in this action. The court is thus confronted with the question of whether the defendants are liable to Mr. Savina under 42 U.S.C. § 1983.

Recently, the Supreme Court abandoned the rule of absolute immunity from § 1983

---

**1.** Mr. Savina held a position funded by CETA (Comprehensive Employment and Training Act of 1973) and was directly responsible to the Carroll County personnel system rather than the county school board.

suits for political subdivisions. *Monell v. Department of Social Services*, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). This circuit has held that local governments are liable under § 1983 when they cause their employees to violate the constitutional rights of others "under color of some official policy." *Cale v. City of Covington*, 586 F.2d 311, 312 (1978).

▮ The defendants' motion for summary judgment is supported by a claim of good faith immunity. Defendants Gebhart and Blankenship are proper § 1983 defendants because § 1983 was designed to remedy deprivations of constitutional rights by officials who abuse their governmental positions. *Monroe v. Pape*, 365 U.S. 167, 172, 81 S.Ct. 473, 476, 5 L.Ed.2d 492 (1960), *overruled on other grounds, Monell v. Department of Social Services, supra.*

Although the defendants cite cogent and germane authority for the proposition that the good faith actions of governmental officials are free from § 1983 liability, the very concept of good faith denotes a conclusion reached after an evaluation of the facts of the .case. Mr. Savina contends he quietly held certain views which he communicated to others at their request. Further, the plaintiff maintains the broadcast incident was the accidental transmission of a conversation with a co–worker.

The defendants describe Mr. Savina's activities as an aggressive campaign of propagandizing and harassment of fellow workers and students. The broadcast incident is characterized by the defendants as a deliberate part of that campaign.

▮ The determination of the nature of Mr. Savina's activities and whether they are constitutionally protected are matters retained for the jury. Similarly, the determination of whether the plaintiff's discharge was privileged is also a jury matter. Accordingly, summary judgment for the defendants is inappropriate.

## II. *Mr. Savina Has Not Stated A Claim Under 42 U.S.C. § 1985(3)*

▮ In Count II of his complaint, Mr. Savina alleges a conspiracy to deprive him of his First and Fourteenth Amendment rights in contravention of 42 U.S.C. § 1985. That section provides for the recovery of damages "occasioned by such . . . deprivation, against any one or more of the conspirators." 42 U.S.C. § 1985(3).[2]

To state a conspiracy claim under § 1985(3), a complaint must allege:

(1) a conspiracy;

(2) a purpose of depriving a person or class of persons of the equal protection, or privileges and immunities under the law;

(3) an act in furtherance of the conspiracy; and

(4a) personal or property injury *or*

(4b) deprivation of a right or privilege of citizenship.

*Griffin v. Breckinridge*, 403 U.S. 88, 102–103, 91 S.Ct. 1790, 1798, 29 L.Ed.2d 338 (1970). The Supreme Court, in *Griffin*, held that a § 1985(3) conspiracy requires "some racial, or perhaps otherwise class–based, invidiously discriminatory animus behind the conspirators' action." *Griffin*, at 102, 91 S.Ct. at 1798. Thus, the Supreme Court has explicitly declined to reach the question of whether § 1985(3) extends to conspiracies not motivated by racially discriminatory intent. On at least two other occasions, the Fourth Circuit has similarly declined to reach that question. *See, Doski v. M. Goldseker Co.*, 539 F.2d 1326 (4th Cir. 1976) (complaint alleged conspiracy motivated by

---

**2.** Section 1985(3) reads, in relevant part:

"If two or more persons in any State or Territory conspire . . . for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws . . . in any case of conspiracy set forth in this section, if one or more persons engaged therein do, or

cause to be done, any act in furtherance of the object of such conspiracy, whereby another is injured in his person or property, or deprived of having and exercising any right or privilege of a citizen of the United States, the party so injured or deprived may have an action for the recovery of damages, occasioned by such injury or deprivation, against any one or more of the conspirators."

sexually discriminatory intent); *Rodgers v. Tolson*, 582 F.2d 315 (4th Cir. 1978) (complaint alleged conspiracy motivated by intent to discriminate against political and philosophical opponents of the defendants).

 This court is now confronted with the question of whether § 1985(3) protections extend to members of the Ku Klux Klan. The characteristics of a class protected by § 1985(3) have been well delineated in *Bellamy v. Mason's Stores, Inc.*, 368 F.Supp. 1025 (E.D.Va.1973), *aff'd*, 508 F.2d 504 (4th Cir. 1974). Such a class must be "possessed of discrete, insular and immutable characteristics comparable to those characterizing classes such as race, national origin and sex." *Bellamy*, at 1028. These characteristics have been used to analyze § 1985(3) claims in this district and this court adopts those characteristics in this case. *See, Kent Island Joint Venture v. Smith*, 425 F.Supp. 455 (D.Md.1978).

In the instant case, the plaintiff attributes his dismissal to, *inter alia*, his "association with the Ku Klux Klan," his adherence "to views and beliefs disfavored by the defendants," and his vocalization of such views and beliefs. Mr. Savina alleges the deprivation of First Amendment rights which are protected by § 1985(3) when, as here, state involvement in the subject conspiracy is alleged. 508 F.2d at 506–7. Yet, Mr. Savina fails to plead any class–based characteristics of the Ku Klux Klan which are sufficient to permit comparison of that group with race, national origin or gender. Noting, again, that this circuit has declined to hold that sexually discriminatory intent is an element of a § 1985(3) claim, this court holds that this alleged conspiracy motivated by anti Ku Klux Klan animus does not state a claim under § 1985(3).

The plaintiff correctly points out that defendants' motion to dismiss is untimely as it was filed after defendants answered the complaint. Fed.R.Civ.P. 12(b)(6). As the defense of failure to state a claim may be made as late as trial, Fed.R. Civ.P. 12(h)(2), the court has treated defendants' motion to dismiss as a motion for judgment on the pleadings.

Accordingly, it is this 26th day of February, 1980, by the United States District Court of the District of Maryland, ORDERED;

1) That defendants' motion for summary judgment be, and the same hereby is, DENIED; and

2) That Count II of the plaintiff's complaint be, and the same hereby is, DISMISSED.