**Shawn P. SLATER, Plaintiff,**

v.

**KING SOOPERS, INC., Defendant.**

No. 92–C–2104.

United States District Court,
D. Colorado.

Dec. 31, 1992.

Shawn P. Slater, pro se.

Michael DePinto, Denver, CO, for defendant.

MEMORANDUM OPINION
AND ORDER

CARRIGAN, District Judge.

*Pro se* plaintiff Shawn P. Slater commenced this civil rights action against the defendant King Soopers, Inc. Defendant has filed a motion to dismiss or for summary judgment. Plaintiff has not responded to that motion. The issues have been fully briefed and oral argument would not assist decision. Subject matter jurisdiction is contested.

A. *Summary Judgment Motion.*

██ Defendant contends that it is entitled to summary judgment because the plaintiff's claim is preempted by Section 301 of the Labor Management Relations Act (LMRA), 29 U.S.C. § 185.

Defendant's motion for summary judgment is without merit. Plaintiff's claim of religious discrimination is not preempted by the LMRA. *Alexander v. Gardner–Denver Co.,* 415 U.S. 36, 51, 94 S.Ct. 1011, 1021, 39 L.Ed.2d 147 (1974).

B. *Motion to Dismiss.*

Defendant argues that the plaintiff's action should be dismissed because: (1) the plaintiff's complaint fails to sufficiently allege jurisdiction; and (2) the plaintiff has not stated a claim under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, because membership and participation in the Klu Klux Klan (KKK) is not protected by Title VII.

■ Although the defendant is correct that the plaintiff's complaint does not allege a basis for jurisdiction, generally a technical defect in a *pro se* pleading will not result in dismissal of the action. Thus, the only issue remaining is whether the plaintiff has stated a claim under Title VII.

■ Plaintiff alleges that he was discharged from his employment with King Soopers as a result of his political and religious beliefs. Although the complaint does not specify what the plaintiff's religious and political beliefs are, an examination of the exhibits attached to the complaint reveals that the plaintiff is affiliated with the KKK. Plaintiff asserts that he was discharged because of an Adolph Hitler Rally that he organized and in which he participated on April 20, 1991.

Under Title VII it is an unlawful employment practice for an employer to discharge an employee on the basis of that employee's religion. 42 U.S.C. § 2000e. The definition of religion contained in Title VII, however, does not make clear whether or not the KKK is a religion: "[t]he term 'religion' includes all aspects of religious observance and practice." 42 U.S.C. § 2000e(j).

In *United States v. Seeger*, 380 U.S. 163, 176, 85 S.Ct. 850, 859, 13 L.Ed.2d 733 (1965), the Supreme Court established the standard for exemption from military service "by reason of religious training and belief." There the Court stated:

"The test might be stated in these words: A sincere and meaningful belief which occupies in the life of its possessor a place parallel to that filled by the God of those admittedly qualifying for the exemption comes within the statutory definition." *Id.* at 176, 85 S.Ct. at 859 (citations omitted).

*See also, Welsh v. United States*, 398 U.S. 333, 339, 90 S.Ct. 1792, 1796, 26 L.Ed.2d 308 (1970).

As stated by one court when faced with the issue here presented:

"the proclaimed racist and anti-semitic ideology of the organization to which [the plaintiff] belongs takes on ..., a narrow, temporal and political character inconsistent with the meaning of 'religion' as used in § 2000e." *Bellamy v. Mason's Stores, Inc.*, 368 F.Supp. 1025, 1026 (E.D.Va.1973) *aff'd* 508 F.2d 504 (4th Cir.1974).

*See also*, EEOC Decision 79–06, 26 Fair Empl.Prac.Cas. 1758 (October 18, 1978) (KKK is not a religion under Title VII).

As stated above, the plaintiff has not responded to the motion. Nor has he responded to this court's order requiring the parties to provide further briefing on the issue whether the KKK is a religion.

The history and purpose of the KKK are extensively set out in EEOC Decision 79–06. Based on the reasoning of that decision and *Bellamy*, I conclude that the KKK is not a religion for purposes of Title VII. Rather the KKK is political and social in nature. Indeed, in *Slater v. Romer*, 92–M–18 (D.Colo.), the plaintiff argued that the Adolph Hitler Rally was "political speech." Brief in Support of Plaintiff's Motion for Preliminary Injunction at 5; Transcript of Preliminary Injunction Hearing at 104. Therefore, I hold that the plaintiff has failed to state a claim under Title VII.[1]

Accordingly, IT IS ORDERED that:

(1) Defendant's motion to dismiss is granted;

(2) Defendant's motion for summary judgment is denied; and

---

1. Plaintiff may have stated a claim under Colo. Rev.Stat. § 24–34–402.5. That statute provides that it is a discriminatory employment practice for an employer to terminate the employment of any employee because the employee engaged in lawful activity off the premises of the employer during nonworking hours. That claim may be barred, however, by the time limitations set forth in Colo.Rev.Stat. § 24–34–403. Regardless, because the plaintiff has failed to state a claim for relief under federal law, to the extent the complaint can be interpreted to state a claim under § 24–34–402.5, that state law claim must be dismissed for lack of federal subject matter jurisdiction.

(3) Plaintiff's complaint and action are dismissed.