William DAVID

v.

**LOCAL 801, DANBURY FIRE FIGHTERS ASSOCIATION, et al.**

No. 5–90CV290 (WWE).

United States District Court, D. Connecticut.

Sept. 11, 1995.

William M. Laviano, Donna L. Ruhling-Laviano, Joseph C. LoCascio, Laviano & LoCascio, P.A., Ridgefield, CT, for William David.

Barbara J. Collins, Hartford, CT, Julie A. Harris, DuBorg & Deganis, Glastonbury, CT, Kevin A. Coles, Westport, CT, Harry B. Elliott, Jr., Meriden, CT, J. William Gagne, Jr., Greg Norsigian, on the brief, J. William Gagne & Assoc., Wethersfield, CT, for Local 801, Danbury Firefighters Ass'n.

Gerald McEnery, Bridgeport, CT, Maria S. Spalding, Updike, Kelly & Spellacy, P.C.,

New Haven, CT, Barbara J. Collins, Hartford, CT, Julie A. Harris, DuBorg & Deganis, Glastonburg, CT, Kevin A. Coles, Westport, CT, for City of Danbury.

## RULING ON MOTIONS FOR SUMMARY JUDGMENT

EGINTON, Senior District Judge.

Plaintiff, William David, initiated this action against defendant union Local 801/Danbury Fire Fighters Association (hereinafter the "Union") and the City of Danbury (hereinafter the "City") in June of 1989. Plaintiff seeks damages, attorney's fees and costs alleging that: 1) the Union breached its duty of fair representation (Count I); 2) the Union and the City conspired to deprive plaintiff of his civil rights in violation of 42 U.S.C. § 1985(3) (Count II); 3) the Union and the City conspired in violation of the common law (Count III); and 4) the Union and the City intentionally caused him to suffer emotional distress (Counts V and VI). Plaintiff has conceded that Count IV of the complaint alleging defamation by the Union is time barred.

The Union and the City now separately move for summary judgment, pursuant to Fed.R.Civ.P. 56, on all applicable counts of the complaint.

## I. FACTS

Plaintiff was employed by the City as a firefighter from 1973 through 1989. In 1982, while serving as a temporary lieutenant, plaintiff sat for a promotional exam. Based on the exam results, plaintiff was promoted to fire captain.

Following plaintiff's promotion to captain, the Union instituted an action against the City challenging the latter's decision to allow firefighters on temporary employment status to sit for promotional exams. Plaintiff was impleaded into the proceeding as a defendant. The court determined that firefighters on temporary employment status were not eligible to take promotional exams for the ranks of lieutenant and captain.

The Union then proceeded to initiate a second suit against the City seeking to remove plaintiff from his captaincy. During the pendency of the action, plaintiff left the fire department and accepted a disability pension.

Plaintiff claims that the Union's attempts to disenfranchise him were motivated by bias. He alleges that during his employment with the Danbury Fire Department he was subjected to harassment from co-workers/Union members due to his homosexuality/sexual relationship with an AIDS patient. Plaintiff contends that the harassment continues via attempts by the Union and the City to attack his pension rights.

## II. STANDARD OF REVIEW

■ A motion for summary judgment will be granted where there is no genuine issue as to any material fact and it is clear that the moving party is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). The burden is on the moving party to demonstrate the absence of any material factual issue genuinely in dispute. *Am. Int'l Group, Inc. v. London Am. Int'l Corp.,* 664 F.2d 348, 351 (2d Cir.1981). In determining whether a genuine factual issue exists, the court must resolve all ambiguities and draw all reasonable inferences against the moving party. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 255, 106 S.Ct. 2505, 2513–14, 91 L.Ed.2d 202 (1986). "Only when reasonable minds could not differ as to the import of the evidence is summary judgment proper." *Bryant v. Maffucci,* 923 F.2d 979, 982 (2d Cir.), *cert. denied,* 502 U.S. 849, 112 S.Ct. 152, 116 L.Ed.2d 117 (1991).

## III. DISCUSSION

■ As a matter of law, the Union and the City are entitled to summary judgment on plaintiff's 42 U.S.C. § 1985(3) claim.

Section 1985(3) provides in pertinent part: "If two or more persons ... conspire ... for the purpose of depriving ... any person or class of persons of the equal protection of the laws ... [and] if one or more persons engaged therein do, or cause to be done, any act in furtherance of the object of such conspiracy, whereby another is injured in his person or property, or deprived of having and exercising any right or privilege of a citizen of the United States, the party so injured or deprived may have an action for the recovery of damages, occasioned by such injury or deprivation, against any one or more of the conspirators."

The Supreme Court in *Griffin v. Breckenridge,* 403 U.S. 88, 102, 91 S.Ct. 1790, 1798,

29 L.Ed.2d 338 (1971), determined that a Section 1985(3) conspiracy will exist only upon a showing of "some racial, or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirator's action." The term "class-based animus" as used in *Griffin* has been narrowly construed to encompass animus directed toward those groups with immutable characteristics comparable to race, national origin, religion, or gender. *Savina v. Gebhart*, 497 F.Supp. 65, 68 (D.Md.1980); *Orshan v. Anker*, 489 F.Supp. 820, 823 (E.D.N.Y.1980). Furthermore, the Ninth Circuit has adopted the premise, subsequently embraced by numerous courts, that Section 1985(3) should only extend beyond its racial parameters if a class is afforded a suspect or quasi-suspect classification or when "Congress has indicated through legislation that the class require[s] special protection." *Schultz v. Sundberg*, 759 F.2d 714, 718 (9th Cir.1985). The court agrees with this narrow reading of Section 1985(3). Section 1985(3) "is not to be construed as a general federal tort law." *Gerritsen v. de la Madrid Hurtado*, 819 F.2d 1511, 1518–19 (9th Cir.1987).

Plaintiff alleges that the Union and the City conspired to deprive him of his civil rights due to his homosexuality and/or sexual affiliation with an AIDS patient. As a class, homosexuals are only entitled to rational basis review and have not been afforded special protection by Congress. *High Tech Gays v. Defense Ind. Sec. Clearance Office*, 895 F.2d 563, 574 (9th Cir.1990) ("homosexuals do not constitute a suspect or quasi-suspect class entitled to greater than rational basis scrutiny"); *Williamson v. A.G. Edwards and Sons, Inc.*, 876 F.2d 69, 70 (8th Cir.1989) ("Title VII does not prohibit discrimination against homosexuals"). Consequently, homosexuals have not been deemed a protected class under Section 1985(3). *Gay Veterans Ass'n, Inc. v. Am. Legion*, 621 F.Supp. 1510, 1515–16 (S.D.N.Y.1985); *DeSantis v. Pac. Tel. & Tel. Co., Inc.*, 608 F.2d 327, 332–33 (9th Cir.1979).

Furthermore, plaintiff's claim of membership in a protected class consisting of persons sexually affiliated with AIDS patients must fail. Since a class consisting of persons sexually affiliated with AIDS patients has not been afforded a suspect or quasi-suspect classification for purposes of equal protection scrutiny, nor has Congress supplied such a class with special legal protection, those persons sexually affiliated with AIDS patients do not belong to a "protected class" within the meaning of Section 1985(3).

Accordingly, plaintiff's Section 1985(3) claim fails due to his non-membership in a protected class.

### CONCLUSION

For the foregoing reasons, both the Union's Motion for Summary Judgment [# 56] and the City's Motion for Summary Judgment [# 89] are GRANTED as to Count II of the complaint.

Plaintiff's civil rights claim pursuant to 42 U.S.C. § 1985(3), as set forth in Count II, is the sole basis for federal jurisdiction. The remainder of plaintiff's complaint alleges pendent state and common law claims which rely on the court's supplemental jurisdiction. Since plaintiff's federal claim will be dismissed, the court will decline to exercise jurisdiction over plaintiff's state and common law claims. *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966). Accordingly, the case is dismissed and the Clerk is ordered to close the file.