Nial Ruth COX, Appellant,

v.

A. M. STANTON, M.D., et al., Appellees.

No. 74–2218.

United States Court of Appeals, Fourth Circuit.

Argued April 11, 1975.

Decided Oct. 6, 1975.

Kenneth N. Flaxman, Durham, N. Car. (Adam Stein, J. LeVonne Chambers, Chambers, Stein & Ferguson, Charlotte, N. C., on brief), for appellant.

John H. Anderson, Fayetteville, N. C., William F. O'Connell, Asst. Atty. Gen. of N. C., Raleigh, N. C. (Rufus L. Edmisten, Atty. Gen. of N. C., Carl J. Bailey, Arthur E. Cockrell, Bailey & Cockrell, Plymouth, N. C., Smith, Anderson, Blount & Mitchell, Raleigh, N. C., Robert Wendell Hutchins, Hutchins & Romanet, Plymouth, N. C., and Clarence W. Griffin, Williamston, N. C., on brief), for appellees.

Before WINTER and WIDENER, Circuit Judges, and MERHIGE,* District Judge.

WINTER, Circuit Judge:

Nial Ruth Cox, a 28-year-old black woman, was permanently sterilized at the Washington County Hospital, Plymouth, North Carolina, on February 10, 1965. The operation was performed under the authority of a North Carolina statute which has since been extensively revised.

Suing in the district court, Miss Cox sought damages and a declaratory judgment that the sterilization statute is unconstitutional. She allegedly brought the declaratory judgment claim on behalf of herself and the class of persons who have been or will be subject to the statutory sterilization she suffered. The district court ruled that her damage claim was barred by the applicable statute of limitations and that she lacked standing to bring the declaratory judgment claim for herself or for the described class.

We conclude that, although it chose the correct statute of limitations, the district court incorrectly applied it

* United States District Judge for the Eastern District of Virginia, sitting by designation.

and that Miss Cox's claim for damages is not timebarred. Therefore, we reverse the dismissal of the damage claim and remand it for further proceedings. Because the statute asserted to be unconstitutional is no longer in effect,[1] we think that the claim for a declaratory judgment is moot. Consequently, we do not consider the standing issue, and we leave the district court's dismissal of this aspect of the complaint undisturbed.

## I.

At the time of the sterilization Miss Cox was 18, unmarried, and the mother of a ten-week-old girl. She lived with her mother, who was a welfare recipient. According to the plaintiff's complaint, a social worker threatened to strike the family from the welfare rolls unless the mother consented to Miss Cox's temporary sterilization; "consent" was obtained.

The director of the Washington County Welfare Agency then allegedly petitioned the Eugenics Board to order Miss Cox's sterilization. According to the complaint, this board authorized Dr. A. M. Stanton to perform a tubal ligation, which is usually reversible. Instead, he performed an irreversible bilateral salpingectomy sterilization.

Miss Cox claims that she believed the sterilization was reversible or temporary until she was informed by a gynecologist in New York City, to which she has moved, that it was impossible for her to bear children. She received this information, she claims, in the fall of 1970. She filed her action on July 12, 1973.

Suing under the thirteenth and fourteenth amendments and under 42 U.S.C. §§ 1983 and 1985, Miss Cox raises a variety of constitutional claims.[2] The claims for damages based on alleged deprivation of constitutional rights rest on the assertion that she was permanently sterilized by an operation performed under the authority of a North Carolina statute.[3]

The district court held that the relevant statute of limitations for a suit under a federal statute, such as § 1983, which has no provision limiting the time in which an action must be brought, must be borrowed from the analogous state statute of limitations. Neither party disputes the district court's selection of the state's three-year limitation applicable to actions upon a liability created by statute, 1A General Statutes of North Carolina, Ch. 1, § 1–52(2).

The district court, however, also applied state law to decide when the plaintiff's cause of action accrued. The court

1. The statute about which Miss Cox complains was codified at 2A General Statutes of North Carolina, Ch. 35, Art. 7, §§ 35–36 through 57 (1966 ed.). It was extensively revised by laws passed in 1973, effective January 1, 1975, codified at 2A General Statutes of North Carolina, Ch. 35, Art. 7, §§ 35–36 through 50 (1974 Cum.Supp.).

2. Since plaintiff is a resident of New York, she also claims diversity jurisdiction.

3. In her lengthy complaint, plaintiff makes many allegations which, if standing alone, would constitute a cause of action. For example, she alleges, inter alia, that she was subjected to the sterilization surgery because she was black, she was poor, she was a member of a family receiving welfare payments and she was an unwed mother, that she was denied proper notice and the opportunity to appear before the Eugenics Board, and that she was never examined or professionally evaluated before she was deemed mentally defective. Such

claims are time barred, because they rest on facts which the plaintiff knew or should have known more than three years before she filed suit. See Ashley v. United States, 413 F.2d 490 (9 Cir. 1969). Similarly, if the plaintiff complained simply of the fact that a medical procedure was performed on her body under color of state law for which, for a variety of reasons, she and her mother had withheld consent, that claim would be time barred. But, with respect to her claim for damages, plaintiff repeatedly alleges the fact of *permanent* sterilization. Thus, we treat as the gravamen of the claim for damages the fact of permanent sterilization. Plaintiff was not advised of this fact until the fall of 1970. Her allegations of earlier denial of other rights, to the extent that they are pertinent to her claim for damages, are simply background or context in which the alleged wrong or permanent sterilization occurred. Before us, plaintiff's briefs so treat her damage claim.

determined that under North Carolina law her cause of action accrued at the time of the sterilization operation, and consequently the three-year limitation period had run before the suit was filed. This was error.

## II.

 The time limitation for civil rights actions, such as those under § 1983, is borrowed from state law because Congress did not set a tolling period for such actions, but the state law concerning time of accrual is in no sense loaned to the body of federal civil rights law along with the tolling period. The time of accrual of a civil rights action is a question of federal law. *Kaiser v. Cahn*, 510 F.2d 282, 285 (2 Cir. 1974); *Donaldson v. O'Connor*, 493 F.2d 507, 529 (5 Cir. 1974), vacated and remanded on other grounds, sub nom. *O'Connor v. Donaldson*, 419 U.S. 894, 95 S.Ct. 171, 42 L.Ed.2d 138 (June 26, 1975); *McDonald v. Boslow*, 363 F.Supp. 493, 498 (D.Md. 1973); *see also Rawlings v. Ray*, 312 U.S. 96, 61 S.Ct. 473, 85 S.Ct. 605 (1941); *Portis v. United States*, 483 F.2d 670, 672 n. 4 (4 Cir. 1973). Federal law holds that the time of accrual is when plaintiff knows or has reason to know of the injury which is the basis of the action. *Young v. Clinchfield R.R. Co.*, 288 F.2d 499, 503 (4 Cir. 1961).

 If in the fall of 1970, as Miss Cox claims, she first discovered that she could never bear children, this discovery, under federal law, marks the time her cause of action accrued. Her averments that the defendants permanently deprived her of the ability to bear children allege the denial of a civil right. *See Skinner v. Oklahoma ex rel. Williamson*, 316 U.S. 535, 541, 62 S.Ct. 1110, 86 L.Ed. 1655 (1942). Thus, the denial of her civil right did not accrue until the fall of 1970, and her suit, filed July 12, 1973, was timely.

Our conclusion is buttressed by *Urie v. Thompson*, 337 U.S. 163, 69 S.Ct. 1018, 93 L.Ed. 1282 (1963), especially because in the instant case plaintiff has also alleged the violation of other rights preceding permanent denial of her right to bear children. In *Urie*, plaintiff brought suit under the Federal Employer's Liability Act against the trustee of the Missouri Pacific Railroad claiming compensation for the silicosis he contracted during thirty years of work as a fireman on the railroad's steam locomotives. The limitations period was two years. Although the acts causing the silicosis happened over the course of three decades and the plaintiff doubtlessly contracted the disease long before he filed the suit, the Court permitted the action because Urie filed a year after his condition was diagnosed. Like Urie, Miss Cox filed within the limitations period after her deprivation was revealed to her. *See also Portis v. United States*, 483 F.2d 670 (4 Cir. 1973).

## III.

 Although the district court held that the suit against the County of Washington, joined as a defendant in plaintiff's amended complaint, should be dismissed as barred by the statute of limitations, it added that the County of Washington was not amenable to suit under § 1983 because the county is not a "person." The district court was undoubtedly correct. *Monroe v. Pape*, 365 U.S. 167, 81 S.Ct. 473, 5 L.Ed.2d 492 (1961); *City of Kenosha v. Bruno*, 412 U.S. 507, 93 S.Ct. 2222, 37 L.Ed.2d 109 (1973); *Singleton v. Vance County Board of Education*, 501 F.2d 429 (4 Cir. 1974). The district court should not overlook, however, that plaintiff sues directly under the thirteenth and fourteenth amendments, as well as under § 1983. *Brault v. Town of Milton*, 527 F.2d 730 (2 Cir. 1975), holds that 28 U.S.C. § 1331 sustains jurisdiction for a direct action under the fourteenth amendment against a municipality not subject to § 1983 suit. *See also Bivens v. Six Unknown Named Agents*, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971); *Singleton v. Vance County Board of Education*, supra, (Winter, J., concurring and dissenting); *Dahl v. City of Palo Alto*, 372 F.Supp. 647 (N.D.Cal.1974); Dellinger, Of Rights and

Remedies: The Constitution as a Sword, 85 Harv.L.Rev. 1532, 1553–59 (1972).

*Affirmed in part, reversed in part and remanded.*