902 F.2d 29
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Joseph P. PAYNE, Sr., Plaintiff-Appellant,
v.
Thomas B. FAIRBURN; Garland K. Stokes; William P. Rogers;
John Taylor; Edward W. Murray; Fred E. Jordan, c/o Major
Sam Filipio, Lt. Watson, John Latane Lewis, III; JOHN DOES,
Defendants-Appellees.
 No. 88-6870.
 United States Court of Appeals, Fourth Circuit.
 Submitted Aug. 31, 1989.
Decided April 17, 1990.
 
 Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria. Albert V. Bryan, Jr., Chief District Judge. (C/A No. 88-1212-AM)
 Joseph P. Payne, Sr., appellant pro se.
 E.D.Va.
 VACATED AND REMANDED.
 Before WIDENER, SPROUSE and WILKINS, Circuit Judges.
 PER CURIAM:
 
 
 1
 Joseph P. Payne, Sr., a Virginia prisoner, appeals from the district court's order which properly construed his claim for money damages under 42 U.S.C. Secs. 1983 and 1985(2) as attacking the validity of his conviction and dismissed the action so that Payne might exhaust his state remedies as required by 28 U.S.C. Sec. 2254(b). See Hamlin v. Warren, 664 F.2d 29 (4th Cir.1981) (Sec. 1983 claim questioning validity of conviction is subject to exhaustion requirement), cert. denied, 455 U.S. 911 (1982). Payne alleged in his complaint that the defendants conspired to have him wrongly convicted of murder by procuring and presenting perjured testimony against him. He contends on appeal that the district court should have held the action in abeyance pending exhaustion rather than dismissed it because the statute of limitations on his damages claim might expire before he can exhaust his state remedies and re-file.
 
 
 2
 Damage claims such as Payne's should be held in abeyance pending exhaustion rather than dismissed where deferring the right to claim damages until the conclusion of the state proceedings might cause a claim to be barred by the applicable statute of limitations. Hamlin v. Warren, 664 F.2d at 32. See also Suggs v. Brannon, 804 F.2d 274, 279-80 (4th Cir.1986). The Virginia two-year statute of limitations applies to Payne's claims. See Wilson v. Garcia, 471 U.S. 261 (1985); Va.Code Ann. Sec. 8.01-243(A). An action accrues for statute of limitation purposes when the plaintiff knows or has reason to know of his injury. Cox v. Stanton, 529 F.2d 47 (4th Cir.1975).
 
 
 3
 Although Payne was convicted in 1985, the allegations set forth in his complaint show that he may not have learned of the defendants' involvement in procuring the supposedly false testimony until late 1986 or 1987, after the witness allegedly sought to recant his testimony, and that the alleged conspiracy continued through 1986. Therefore it is arguable that the action was not barred by the statute of limitations when it was filed in July 1988. However, the action might well be barred by the time Payne has exhausted his state remedies. For this reason, we vacate the order of the district court and remand the case with direction to hold Payne's action in abeyance pending exhaustion of his state remedies. Payne's motion to proceed on appeal in forma pauperis is granted. We dispense with oral argument because the dispositive issues recently have been decided authoritatively.
 
 VACATED AND REMANDED