Melody McDOWELL, b/n/f Steve and Eileen McDOWELL, and Steve and Eileen McDowell, Plaintiffs,

v.

FORT BEND INDEPENDENT SCHOOL DISTRICT, et al., Defendants.

Civ. A. No. H–89–3670.

United States District Court, S.D. Texas, Houston Division.

April 30, 1990.

Beatrice Mladenka–Fowler, Houston, Tex., for plaintiffs.

Baker, Brown, Sharman & Parker, Jeffrey L. Rogers, Houston, Tex., for defendants.

## ORDER

HOYT, District Judge.

Pending before the Court is the defendants' motion to dismiss for failure to state a claim upon which relief can be granted.

The plaintiffs bring this suit under 42 U.S.C. § 1983, The Education of the Handicapped Act, 20 U.S.C. §§ 1400–1420 ("EHA"), § 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794, and the due process and equal protection clauses of the 5th and 14th Amendments. The plaintiffs seek declaratory and injunctive relief; they are Steve and Eileen McDowell, parents of Melody McDowell, and have brought this lawsuit on behalf of their 23 year old handicapped daughter. The plaintiffs assert causes of action against the Fort Bend Independent School District ("FBISD") and against the related defendants both individually and in their official capacities.

## STATEMENT OF THE CASE

The plaintiffs' main contention is that the FBISD did not provide an "adequate" education for Melody. After a hearing in July of 1989, Mr. James Holtz, a special education hearing officer of the State of Texas, signed an order granting Melody one year of compensatory educational services. As a part of his findings and conclusions, the hearing officer determined that Melody made no significant educational progress in the educational program and that her behavioral problems were not adequately addressed. The hearing officer further found that "any disagreement by plaintiffs with Melody's prior Individual Education Program ("IEP") from 1982 through November 23, 1987, had been waived by the failure to timely notify FBISD of such disagreement." The hearing officer concluded that FBISD committed no procedural violations in this case. Motions for rehearing filed by both sides were denied.

The plaintiffs, Melody's parents, disagree with this finding and allege that they did try to make their dissatisfaction with Melody's program known to the District prior to 1987. They also contend that the hearing officer erred in concluding that *Garland Independent School Dist. v. Wilks*, 657 F.Supp. 1163 (N.D.Tex.1987), is controlling in this case. The parents argue that there is insufficient evidence in the record to show that the McDowells had not given the school notice before 1987, and further, that there were several instances where FBISD failed to disclose information and actually destroyed evidence. Finally, the plaintiffs claim that Melody was physically abused by her teacher, Pam Thompson. This allegation of physical abuse is the subject of another lawsuit, which has not been consolidated with this case and which was filed prior in time to this suit. (Civil Action No. H–89–2261). Because of these facts, this Court DISMISSES any such claim in favor of the resolution of that claim in Civil Action No. H–89–2261.

In their pleadings, the plaintiffs allege the following statutory and constitutional violations:

a. Violation of § 504 of the Rehabilitation Act, 29 U.S.C. § 794; that defendant denied Melody a free public education, that the FBISD concealed and destroyed school records and that the FBISD withheld documents and other information;

b. Violation of 20 U.S.C. §§ 1400–1420, The Education of the Handicapped Act;

388

c. Violation of 42 U.S.C. § 1983; by placing Melody in an inappropriate classroom setting and allowing excessive discipline by her teacher; (This claim is dismissed without prejudice to Civil Action No. H–89–2261);

d. Breach of contract in failing to implement Melody's Individual Education Plan ("IEP"); for violation of Education and the Handicapped Act; and plaintiff's equal protection and due process rights;

e. Gross negligence in hiring in failing to protect Melody from her teacher;

f. That the defendants' actions in filing a libel lawsuit violate various civil rights of the plaintiff;

g. Defendant has violated state law by denying access to Melody's record; and

h. The plaintiffs' due process and equal protection of the laws of the Texas Constitution, Article I, § 3 at 19.

The defendants allege that the plaintiffs' claims fail under Federal Rule of Civil Procedure 12(b)(6), for failure to state a cause of action under federal or state law. The defendants argue that this Court lacks subject matter jurisdiction because the same complaints are pending in a strikingly similar suit in the Southern District of Texas, namely, Civil Action No. H–89–2261. Specifically, the allegations of inappropriate discipline by Pam Thompson, which the plaintiffs allege in this suit, are also alleged in the related suit. Finally, the defendants state that the plaintiffs' claims are barred by limitations and the doctrines of estoppel and/or waiver.

In their counterclaim the defendants refer to the decision of a Special Education Hearing Officer for the State of Texas, citing 20 U.S.C. § 1414(e)(2). The defendants allege that the hearing officer erroneously awarded Melody one year of "compensatory education" after finding that the FBISD did not provide her with an appropriate education for the 1987–88 school year. The defendants argue that as a matter of law "compensatory education" may not be awarded when an education has already been provided to a handicapped child at the public's expense, and that the evidence presented at the hearing conclusively demonstrated that Melody was provided an appropriate education for the 1987–88 school year. Finally, the defendants allege that the hearing officer incorrectly found the defendants to be the "prevailing parties" for purposes of awarding attorney's fees because the plaintiffs prevailed on 13 of the 16 issues before the hearing officer.

## DISCUSSION

Mentally handicapped children are given a limited free public education in the State of Texas and most, if not all other states; therefore both state and federal statutes may be applicable in a case such as this. The Texas State Board of Education Rules provide in part:

"(a) Pursuant to state and federal law, services provided in accordance with this subchapter shall be available to all eligible children who have reached their third birthday and have not reached their twenty-second birthday on September 1 of the current scholastic year."

S.B.O.E. Rules § 89.220(a).

The Texas Education Code provides:

"Every child ... not over the age of 21 years on the first day of September of the year in which admission is sought shall be permitted to attend the public free schools of the district in which he resided...."

Tex.Ed.Code § 21.031(b) (Vernon's 1987).

The Education of the Handicapped Act, 20 U.S.C.A. § 1412(2)(B) provides in part:

"a free appropriate public education will be available for all handicapped children between the ages of three and twenty-one ... [except] if the application of such requirements would be inconsistent with State law or practice...."

■ Reading the state and federal statutes together, this Court finds and concludes that the State of Texas has established a policy that assures all handicapped children the right to a free appropriate public education and that state law is in

harmony with the federal law. 20 U.S.C.A. § 1412(1) (West 1978).

The Rehabilitation Act also gives the Court direction with respect to the facts in this case. In relevant part, § 504 of the Rehabilitation Act provides that:

> [N]o otherwise qualified handicapped individual in the United States ... shall ... be excluded from the participation in ... or be subjected to discrimination under any program or activity receiving federal financial assistance....

29 U.S.C.A. § 794 (West 1978).

The defendants assert that all of the plaintiffs' causes of action against them are barred by the applicable statutes of limitation. Since the statute of limitation for civil rights actions are governed by the state statute of limitations, we must look to this state for guidance. *Kissinger v. Foti,* 544 F.2d 1257, 1258 (5th Cir.1977).

■ Under Texas law the appropriate limitations period is 2 years. Tex.Civ.Stat. Ann. art. 5526 (Vernon 1958). When federal courts borrow state limitations statutes they must also include state rules of tolling. *Hardin v. Straub,* — U.S. —, 109 S.Ct. 1998, 104 L.Ed.2d 582; *Burrell v. Newsome,* 883 F.2d 416 (5th Cir.1989). While the limitations period is determined by reference to state law, the standard governing the accrual of a cause of action under § 1983 is determined by federal law. *See e.g., Watts v. Graves,* 720 F.2d 1416, 1423 (5th Cir.1983); *Lavellee v. Listi,* 611 F.2d 1129, 1131 (5th Cir.1980). This standard provides " 'that the time for accrual is when the plaintiff knows or has reason to know of the injury which is the basis of the action.' " *Listi,* 611 F.2d at 1131, *quoting Cox v. Stanton,* 529 F.2d 47, 50 (4th Cir. 1975). The plaintiff must be in possession of "critical facts" which indicate that he has been hurt and that the defendants are responsible for this injury. *Id.*

■ The plaintiffs have failed to cite to any fact that would indicate that the statute of limitations should be tolled. More-

over, the plaintiffs admit that they were aware of the lack of an adequate education for Melody several years before this suit was filed.[1] The record reflects that the plaintiffs voiced concerns to FBISD and participated in discussions on the type of teaching methods that were being implemented. The evidence is clear and unequivocal on this point. Therefore, the plaintiffs' cause of action, if any they have, for any relief prior to 1986 is barred by the applicable 2–year statute of limitations. Tex.Rev.Civ.Stat.Ann. art. 5526 (Vernon 1958).

The Court turns now to the plaintiffs' potential claims for school years 1986–87 and 1987–88. The hearing officer found that Melody had made no significant educational progress and that her behavioral problems had not been adequately addressed. The plaintiffs apparently argue that because Melody did not reach an unspecified (and quite possibly unascertainable) level of learning and because Melody's behavioral problems have not been conquered, the program failed resulting in violation of state and federal laws.

■ The failure or success of an educational program is not something that can be judged on a *res ipsa loquitur* theory of law; *i.e.,* when a child does not succeed, the school must have failed to do its job. Moreover, there is no contract between the State of Texas and its citizens regarding a child's education. While the state Constitution mandates equal educational opportunities, it does not mandate equal result. Furthermore, the Supreme Court has held that a party cannot relitigate a matter simply by pleading the case in breach of contract terms. *United States v. Utah Construction & Mining, Co.,* 384 U.S. 394, 86 S.Ct. 1545, 16 L.Ed.2d 642 (1966).

■ There is also no evidence to support a 42 U.S.C. § 1983 claim for civil rights violations. Conceivably, such a claim would be cognizable if the evidence showed that the instructors failed to adequately administer the program based on bias or

---

1. In fact, the EHA was written by lawyers such that procedural safeguards would guarantee an opportunity for meaningful input by the parents of their child's education; specifically the IEP. See §§ 1400(c), 1401(a)(19), 1412(7), 1415(b)(1)(A), (C), (D), (E) and 1415(b)(2).

prejudice because the plaintiff is handicapped. No allegations are made to that effect, no evidence has been proffered to that effect, and the conclusion of the hearing officer is no evidence of any intent or motivation on the part of the FBISD to discriminate against the plaintiffs.

The plaintiffs argue that they were unaware that the District was not fulfilling its obligation to Melody. This could hardly be true, since the plaintiffs were active participants in Melody's program. The record bears this out.

■ The facts fail to bear out any discrimination or that Melody was treated differently than other handicapped children similarly situated. Moreover, there is no evidence that Melody was not provided a significant educational program as well as behavioral training, or that someone set out to deny her an adequate education. The failure, in the IEP, if at all, was in the implementation of the IEP or in the student's lack of absorption. No discrimination has been alleged that shows that the defendants devised a quality IEP but decided, because Melody was a handicapped person, not to implement it or include her in it.

On the contrary, the facts show that Melody was provided an IEP similar to other handicapped children. In other words, the evidence indicates that the defendants did comply with the EHA. 20 U.S.C.A. § 1401(a)(19). If the district failed to properly teach, to properly assess, or to properly modify Melody's IEP status, that may be negligence. On the other hand, like the plaintiffs, the district's ability to know that an IEP will or will not succeed before implementing it is hardly discrimination.

■ Although the question has not been raised by the plaintiffs or defendants, this Court believes that a discussion of the facts with respect to mootness is appropriate.

In *Honig v. Doe*, 484 U.S. 305, 108 S.Ct. 592, 98 L.Ed.2d 686 (1988), the Supreme Court stated:

Under Article III of the Constitution this Court may only adjudicate actual ongoing controversy. *Nebraska Press Ass'n v. Stuart*, 427 U.S. 539, 96 S.Ct. 2791, 49 L.Ed.2d 683 (1976).... That the dispute between the parties was very much alive when suit was filed ... cannot substitute for the actual case or controversy that an exercise of this Court's jurisdiction requires. *Steffel v. Thompson*, 415 U.S. 452, 94 S.Ct. 1209, 39 L.Ed.2d 505 (1974).... In the present case we have jurisdiction if there is a reasonable likelihood that respondents will again suffer the deprivation of EHA-mandated rights that give rise to this suit....

*Id.* 108 S.Ct. at 601.

In *Honig*, the plaintiff was a 24 years old handicapped student who was "no longer entitled to the protections and benefits of the EHA which limits eligibility to disabled children between the ages of three and 21." *Id.* Thus, the court held that the plaintiff's case was moot. So it is here. Melody is now 23 years old and can no longer benefit from the EHA. Thus, this Court finds that her cause of action is moot.

This Court finds and concludes that the defendants did not refuse to provide Melody with a free adequate education in compliance with the Education of the Handicapped Act. Nor have the defendants violated 42 U.S.C. § 1983 of the Civil Rights Act. Moreover, the state has no contractual duties with any individual resident or citizen under the Act. The Court also finds that the actions of the defendants do not violate the "equal protection" and "due process" clauses of the 14th Amendment.

Although the Court has addressed the merits of the plaintiffs' claims, the Court is of the opinion that no cause of action is stated by the plaintiffs in this suit, and furthermore no claim remains for adjudication because, if the plaintiffs had a claim it is now moot. 108 S.Ct. at 601.

The order of the hearing officer is set aside to the extent that it orders any relief under federal law. Any claims for relief under the state Constitution or under state law are not addressed here because the Court is of the opinion that state courts are best able to review state administrative

appeals. The Court therefore abstains on the state issues.

Both, the plaintiffs' suit and the defendants' counterclaim are DISMISSED.