**Albert Russell CLAY, Jr., Plaintiff,**

v.

**Frank LaPORTA, Defendant.**

**Civ. A. No. 91–741–N.**

United States District Court,
E.D. Virginia,
Norfolk Division.

March 18, 1993.

Albert Russell Clay, Jr., pro se.

Lawrence Steven Emmert, Office of the City Atty., Virginia Beach, VA, for Frank LaPorta.

## MEMORANDUM OPINION AND ORDER

PAYNE, District Judge.

By Memorandum Opinion and Order dated December 15, 1992, 809 F.Supp. 417 (the "December 15 Memorandum Opinion"), the court directed plaintiff, Albert Russell Clay, Jr. ("Clay"), and defendant, Frank LaPorta ("LaPorta"), to submit supplemental pleadings clarifying their respective positions and theories in this action. The parties have complied with the that instruction, and the court has reviewed their submissions. For the reasons explained below, the court finds that Clay's claims against LaPorta are barred by the applicable statute of limitations. Accordingly, summary judgment will be entered in LaPorta's favor.

### STATEMENT OF FACTS

The underlying facts are set forth in detail in the December 15 Memorandum Opinion and are incorporated herein by reference.

The court directed Clay to submit a short and concise statement of the facts underlying his claims against LaPorta because his complaint, which was rambling and incoherent, was not susceptible of interpretation. Unfortunately, Clay's supplemental submission is not much clearer. However, the gravamen of Clay's complaint against LaPorta seems to be that LaPorta and numerous other individuals, many of whom were named in his complaint and in whose favor summary judgment already has been entered, conspired together to: (1) arrest Clay without probable cause; (2) maliciously prosecute him; (3) conceal exculpatory evidence at his trials; (4) prosecute him in violation of double jeopardy; and (5) cover-up an alleged conspiracy between Clay's former wife and a person named Hewitt, the object of which was to murder Clay and abscond with his business and insurance proceeds.

### STANDARD FOR SUMMARY JUDGMENT

Summary judgment is appropriate when "there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). In considering a motion for summary judgment the court is not to weigh the evidence, but rather must "determine whether there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202 (1986). In so doing, the court must view the underlying facts in the light most favorable to the non-moving party. *Matsushita Elec. Indus. Corp. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986).

The party seeking summary judgment has the initial burden of informing the court of the basis for the motion and of establishing, based on relevant "portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any,'" that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 2552–2553, 91 L.Ed.2d 265 (1986); *Catawba Indian Tribe v. South Carolina*, 978 F.2d 1334, 1338–39 (4th Cir.1992). Once this initial showing under Rule 56(c) is made, the burden of production, not persuasion, shifts to the non-moving party. The non-moving party must "go beyond the pleadings and by [his] own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Celotex*, 477 U.S. at 324, 106 S.Ct. at 2553; *see also* Fed.R.Civ.P. 56(e); *Catawba Indian Tribe*, at 1338–39.

In meeting this burden, the non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita*, 475 U.S. at 586, 106 S.Ct. at 1355–1356. That party must demonstrate that there is a *"genuine issue for trial."* Fed.R.Civ.P. 56(c) (emphasis added); *Matsushita*, 475 U.S. at 587, 106 S.Ct. at 1356. There is no genuine issue for trial "[w]here the record taken as a whole could not lead a rational trier of fact to find for the non-moving party." *Matsushita*, 475 U.S. at

587, 106 S.Ct. at 1356. *See also Anderson,* 477 U.S. at 249, 106 S.Ct. at 2510–2511.[1]

### DISCUSSION

 Construing Clay's supplemental filing as presenting the claims summarized above, it seems clear that Clay's action against LaPorta is barred by the applicable statute of limitations. As explained in that part of the December 15 Memorandum Opinion which denied Clay leave to amend to add new defendants, the time limitations for actions brought under 42 U.S.C. § 1983 are borrowed from state law. *Burnett v. Grattan,* 468 U.S. 42, 104 S.Ct. 2924, 82 L.Ed.2d 36 (1984); *Cox v. Stanton,* 529 F.2d 47 (4th Cir.1975). The statute of limitations in Virginia for actions brought pursuant to § 1983 is two years. *United Steel Workers v. Dalton,* 544 F.Supp. 291, 296–97 (E.D.Va.1982). *See also* Va.Code Ann. § 8.01–243(A) (Michie Supp.1991). Accrual of a civil rights action, however, is a question of federal law. *Cox,* 529 F.2d at 50. "Federal law holds that the time of accrual is when plaintiff knows or has reason to know of the injury which is the basis of the action." *Id.*

The last act or omission which Clay alleges as the basis for LaPorta's liability occurred, if at all, on October 11, 1988. Clay alleges that, on that date, LaPorta in some manner wrongfully participated in respect of Clay's prosecution in state court. Even if Clay's conclusory factual allegations are taken for true and even if they were considered legally sufficient to expose LaPorta to liability under 42 U.S.C. § 1983, the two year statute of limitations for bringing this action against LaPorta expired on or about October 11, 1990. Clay's complaint was not received by the court until October 31, 1991 and was not ordered filed until November 25, 1991. Accordingly, Clay's action against LaPorta is barred by the two year statute of limitations.

### CONCLUSION

For the foregoing reasons, LaPorta's motion for summary judgment is granted. Be-

cause this Memorandum Opinion and Order disposes of the last of Clay's contentions in this civil action, it and the December 15 Memorandum Opinion and Order are appealable once the final judgment order is entered by the Clerk. Clay is advised that the rules respecting institution of an appeal require that he file a written notice of appeal with the Clerk of the United States District Court, United States Courthouse, 600 Granby Street, Norfolk, Virginia 23510. That written notice must be received by the Clerk within thirty (30) days from the date of the entry of final judgment which shall be the same as the date of this Memorandum Opinion and Order.

It is so ORDERED.

---

1. As the court noted in the December 15 Memorandum Opinion, no formal *Roseboro* notice was given in this case. However, since Clay has filed affidavits and other materials, both in opposition to the defendants' motions for summary judgment and in support of his own, the court finds that the objectives behind *Roseboro* have been met and no formal notice is necessary.