**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

WHITEHEAD ASSOCIATES,
INCORPORATED; CHESAPEAKE OUTDOOR
ENTERPRISES, INCORPORATED; PNE
MEDIA, INCORPORATED,
Plaintiffs-Appellants,

v.                                                                No. 98-2716

MONTGOMERY COUNTY COUNCIL;
MONTGOMERY COUNTY, MARYLAND;
MONTGOMERY COUNTY EXECUTIVE,
Defendants-Appellees.

Appeal from the United States District Court
for the District of Maryland, at Greenbelt.
Alexander Williams, Jr., District Judge.
(CA-97-2171-AW)

Argued: November 30, 1999

Decided: January 13, 2000

Before MURNAGHAN, LUTTIG, and MOTZ, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

**ARGUED:** James David Dalrymple, JAMES D. DALRYMPLE,
ESQ., P.C., Gaithersburg, Maryland, for Appellants. Clifford Lee
Royalty, Assistant County Attorney, Rockville, Maryland, for Appel-

lees. **ON BRIEF:** Charles W. Thompson, Jr., County Attorney, Karen Federman Henry, Associate County Attorney, Rockville, Maryland, for Appellees.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

We consider here a challenge by three billboard owners to a county billboard ordinance. The district court granted summary judgment to the County. We affirm, albeit on different grounds than those relied on by the district court.

I.

Whitehead Associates, Incorporated, Chesapeake Outdoor Enterprises, Incorporated, and PNE Media, Incorporated engage in the outdoor advertising business. They own three billboards in Montgomery County, Maryland, which they erected in 1965 and have continuously used since that time.

In 1986, the Montgomery County Council revised its zoning ordinance to prohibit all billboards advertising products or businesses "not connected with the site or building on which they are located." Montgomery County, Md., Code § 59-F-1.65 (1986). In 1992 the County Council further amended the zoning ordinance to provide a five-year amortization period. Thus, after the 1992 revisions, the ordinance provided in relevant part:

> Commercial signs or structures that advertise products or businesses not connected with the site or building on which they are located are prohibited. The only exceptions to this prohibition are: . . . (b) Commercial signs or structures that

2

are prohibited by this section and that were lawful on July 28, 1986 . . . . These signs or structures may be continued for a period of five years from July 13, 1992. At the end of this five-year amortization period, the signs or structures must be removed within 90 days at the owner's expense.

Montgomery County, Md., Code § 59-F-1.65 (1992).

Pursuant to this ordinance, the County ordered Whitehead to remove its billboards in 1997. Whitehead responded by filing suit in the Circuit Court for Montgomery County against Montgomery County, the County Council, and the County Executive, alleging that the ordinance exceeded the County's zoning authority under state law and conflicted with a state requirement that a county pay fair market value for any lawfully erected billboards that it subsequently orders removed. The complaint also asserted other claims, including an allegation that the ordinance worked an unconstitutional taking, which are not pursued on appeal.

After Montgomery County removed the case to federal court, the court granted motions to join Chesapeake and PNE as additional plaintiffs. The parties filed cross motions for summary judgment. In addition to opposing the billboard owners' arguments as to the ordinance, the County maintained that limitations barred the owners' claims. Without reaching the limitations question, the district court granted the County summary judgment, rejecting the owners' challenges to the ordinance. The billboard owners appeal.

II.

We need not address the owners' challenges to the ordinance because the applicable statute of limitations bars them from raising these contentions.

Section 5-101 of the Courts and Judicial Proceedings Article of the Maryland Annotated Code provides the applicable statute of limitations. It states that a civil action must be brought"within three years from the date [the cause of action] accrues." Md. Code Ann., Cts & Jud. Proc., § 5-101 (1998). The billboard owners maintain that their

cause of action did not accrue until 1997, when the ordinance's amortization period expired and the County sought to enforce the ordinance by ordering them to remove their billboards. See Reply Brief at 2 ("It is the Appellees' attempt to enforce the 1992 ordinance that gave rise to Appellants' need to institute this suit, and the statute of limitations did not begin to run until May 29, 1997 [when the County ordered Whitehead to remove its billboards].").

We considered a similar contention in National Advertising Co. v. City of Raleigh, 947 F.2d 1158, 1161 (4th Cir. 1991). There a billboard owner also challenged an amortization provision in a local billboard ordinance. The owner in that case maintained that its cause of action did not accrue until the expiration of the amortization period. We rejected the argument, concluding instead that the billboard owner's claim accrued on the date that the local government passed the challenged billboard ordinance. We reasoned that the "cause of action arose when the ordinance was enacted because it was then, if at all, that [the billboard owner] suffered the regulatory interference with the primary uses of its property." Id.  at 1163.

Although City of Raleigh involved a 42 U.S.C. § 1983 claim, the logic of that case controls here because federal law as to when a cause of action accrues is identical to Maryland law. Both follow the "discovery" rule. Compare Cox v. Stanton, 529 F.2d 47, 50 (4th Cir. 1975) ("Federal law holds that the time of accrual is when plaintiff knows or has reason to know of the injury which is the basis of the action"), with Hecht v. Resolution Trust Corp ., 635 A.2d 394, 399 (Md. 1994) (Maryland law holds that "a cause of action accrues when a plaintiff in fact knows or reasonably should know of the wrong").

Applying the City of Raleigh rationale here, the owners' cause of action clearly accrued in 1992 when the County Council enacted the challenged amortization provision. On that date"the useful lives of [the owners'] nonconforming signs were shortened" to five years. See City of Raleigh, 947 F.2d at 1163. Thus if the owners "suffered regulatory interference" with their property interests, id., it was in 1992 when the amortization provision was enacted, not in 1997 when the amortization period expired.

In their second amended complaint, the owners allege that they "erected the subject billboards in 1965 and have continuously used

4

the billboards since." Thus, it is undisputed that they owned the billboards when the County Council enacted the amortization provision in 1992. However, the owners did not file this lawsuit until 1997, five years after their cause of action accrued. Hence, Section 5-101's three-year limitations period bars the owners' suit.

III.

Because the applicable statute of limitations bars the owners' cause of action, we affirm the district court's order granting summary judgment to the County.

AFFIRMED

5