UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

BONNIE GILFILLAN; NORMA MATHIS;
DORIS COMER; EDNA MANNING,
          *Plaintiffs-Appellants,*

v.

CELANESE AG; UNION OF
NEEDLETRADES, INDUSTRIAL AND
TEXTILE EMPLOYEES, Local 1093-T
and International,
          *Defendants-Appellees.*

No. 01-1472

Appeal from the United States District Court
for the District of South Carolina, at Rock Hill.
Dennis W. Shedd, District Judge.
(CA-00-3650-0-19)

Submitted: November 21, 2001

Decided: December 19, 2001

Before WILKINS, LUTTIG, and MOTZ, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

## COUNSEL

Laura P. Valtorta, Columbia, South Carolina, for Appellants. Herbert
E. Buhl, III, Columbia, South Carolina; M. Baker Wyche, III, Glenn
R. Goodwin, OGLETREE, DEAKINS, NASH, SMOAK & STEW-
ART, P.C., Greenville, South Carolina, for Appellees.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

## OPINION

PER CURIAM:

Appellants appeal the district court's orders granting summary judgment in favor of the appellees and dismissing their suit as barred by the statute of limitations. Appellants were formerly employed by Celanese at the Celriver Plant in Rock Hill, South Carolina, working in the textile industry as jet wipers and machine cleaners for over forty years. Appellants claim that through a new collective bargaining agreement between Celanese and UNITE, UNITE withdrew the Appellants' pending arbitrations without their knowledge.

On November 20, 2000, Appellants filed suit in district court against both their union and their employer alleging breach of contract under the Fair Labor Standards Act and failure of the duty to represent against their union. On December 21, 2000, defendant UNITE filed a motion to dismiss, or in the alternative, for summary judgment alleging that the Appellants were barred by a six-month statute of limitations. In response, Appellants argued they received no formal notice that their arbitration actions were dropped before December 2000, making their action filed in November 2000, timely.

By order dated February 8, 2001, the district court granted the union defendants' motion for summary judgment, finding the Appellants' claims were time barred. Defendant Celanese thereafter moved for summary judgment on the same grounds on February 16, 2001, which the district court granted. We affirm.

This court reviews a grant of summary judgment de novo. *Higgins v. E.I. DuPont de Nemours & Co.*, 863 F.2d 1162, 1167 (4th Cir. 1988). Summary judgment is appropriate only if there are no material facts in dispute and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). In determining whether the moving party has shown

no genuine issue of material fact, this Court must view the factual evidence, and all inferences drawn therefrom, in the light most favorable to the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986); *Smith v. Virginia Commonwealth Univ.*, 84 F.3d 672, 675 (4th Cir. 1996).

In *DelCostello v. International Bhd. of Teamsters*, 462 U.S. 151, 172 (1983), the Supreme Court held that hybrid suits brought against employers pursuant to Section 301 of the Labor Management Relations Act and against unions for breach of duty of fair representation are governed by the six-month statute of limitations set forth in Section 10(b) of the National Labor Relations Act. *See* 29 U.S.C. § 160(b)(1994). The parties agree that this six-month limitation period applies to this case. However, the parties dispute when the cause of action accrued.

The general rule is that a cause of action accrues when the plaintiff knows or should have known that a violation of his rights has occurred. *See Cox v. Stanton*, 529 F.2d 47, 50 (4th Cir. 1975). In hybrid § 301/fair representation suits, courts have stated that the claim arises when the plaintiff could first successfully maintain a suit based on that cause of action, *see Santos v. District Council of New York City & Vicinity of United Bhd. of Carpenters & Joiners of Am., AFL-CIO* , 619 F.2d 963, 968-69 (2d Cir. 1980), or when the claimant discovers, or in the exercise of reasonable diligence should have discovered, the acts constituting the alleged violation. *See Metz v. Tootsie Roll Indus., Inc.*, 715 F.2d 299, 304 (7th Cir. 1983).

We conclude the district court properly held Appellants' action was untimely filed. It is clear Appellants knew or should have known by the end of March 2000 that their arbitrations would be dropped as part of the provisions of the newly ratified collective bargaining agreement.

Accordingly, we affirm. We dispense with oral argument because the facts and legal contentions are adequately presented and argument would not aid the decisional process.

*AFFIRMED*