UNPUBLISHED

# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

LISA VAUGHN,

*Plaintiff-Appellant,*

v.

CMH HOMES, INCORPORATED,
*Defendant-Appellee.*

No. 02-1043

Appeal from the United States District Court
for the Eastern District of Virginia, at Alexandria.
T. S. Ellis, III, District Judge.
(CA-01-916-A)

Submitted: June 12, 2003

Decided: October 10, 2003

Before WIDENER, LUTTIG, and SHEDD, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

### COUNSEL

Joe C. Ashworth, Leonardtown, Maryland, for Appellant. John F. Cafferky, Jennifer L. Redmond, BLANKINGSHIP & KEITH, P.C., Fairfax, Virginia, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

**OPINION**

PER CURIAM:

Lisa Vaughn appeals from the district court's order granting CMH Homes, Inc.'s ("CMH") motion to dismiss and dismissing Vaughn's action claiming race discrimination in violation of 42 U.S.C. § 1981 (2000), based upon a failure to promote while employed with CMH. We find this appeal to be without merit.

In a complaint filed on June 12, 2001, Vaughn alleged race discrimination relating to her alleged constructive discharge after she was denied a promotion in events occurring on or before December 1998.[1] In her amended complaint, Vaughn alleged she learned on June 23, 1999, that the individuals who had been promoted were white males, that she was constructively discharged on June 28, 1999, and that there was a continuing violation of discrimination by CMH, which culminated with her resignation.

We find proper the district court's dismissal of this action because Vaughn failed to allege a discrete act of discrimination occurring after June 12, 1999. Vaughn's amended complaint does not salvage her action. Her cause of action here accrued when she was denied promotion by CMH.[2] It was then that she had knowledge about the harm done to her and by whom it was done, such that reasonable inquiry on her part, as to the race and gender of the individuals who received the promotions she was denied, would have revealed her cause of action. *See United States v. Kubrick*, 444 U.S. 111, 122-24 (1979) (under federal law accrual of cause of action occurs when plaintiff

---

[1]The district court granted CMH's first motion to dismiss on the ground that Vaughn's claims were time-barred by the applicable Virginia two-year statute of limitations because she failed to allege any act of race discrimination occurring within the two-year limitation period. Granting Vaughn leave to amend her complaint, the district court judge instructed her to make clear what actions she is alleging within the limitations period.

[2]Although the limitations period is borrowed from state law, the time of accrual of a federal civil rights action is a question of federal law. *See, e.g.*, *Cox v. Stanton*, 529 F.2d 47, 50 (4th Cir. 1975) (§ 1983 action).

possesses sufficient facts about the harm done to him such that reasonable inquiry will reveal his cause of action); *Nasim v. Warden, Maryland House of Correction*, 64 F.3d 951, 955 (4th Cir. 1995). Hence, Vaughn's discovery of a discriminatory motive on June 23, 1999, is not relevant to the accrual of the limitations period and does not bring her action within the statute of limitations period in this case.

Nor does the continuing violation doctrine apply to discrete acts of discrimination, such as failures to promote.[3] Vaughn's remaining allegation, that she resigned because she allegedly was pressured to engage in illegal activities, had no connection to her race.[4] In addition, we find that Vaughn failed to allege facts to establish that the failures to promote were part of a continuing violation of discrimination because she failed to allege any discriminatory act that occurred within the limitations period,[5] and a failure to promote is insufficient in itself to result in a constructive discharge.[6]

Accordingly, we affirm the district court's dismissal of Vaughn's civil action. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.

*AFFIRMED*

---

[3]*National Railroad Passenger Corp. v. Morgan*, 536 U.S. 101, 122 S. Ct. 2061, 2073 (2002).

[4]*Taylor v. Virginia Union Univ.*, 193 F.3d 219, 238 (4th Cir. 1999) (conduct motivated by discriminatory animus must be shown).

[5]*Jersey Heights Neighborhood Ass'n v. Glendening*, 174 F.3d 180, 189 (4th Cir. 1999).

[6]*Bristow v. Daily Press*, 770 F.2d 1251, 1256 n.4 (4th Cir. 1985).