**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 13-1569**

---

GLADYS HILL; CYNTHIA MITCHELL,

           Plaintiffs - Appellants,

     v.

HAMPSTEAD LESTER MORTON COURT PARTNERS LP; EMP II INC.,
d/b/a Alpha Management; HAMPSTEAD LMC LLC; HAMPSTEAD
PARTNERS, INC.,

           Defendants - Appellees.

---

Appeal from the United States District Court for the District of
Maryland, at Baltimore.    Catherine C. Blake, District Judge.
(1:12-cv-00539-CCB)

---

Submitted:  November 6, 2013     Decided:  August 5, 2014

---

Before WILKINSON, DUNCAN, and FLOYD, Circuit Judges.

---

Vacated and remanded by unpublished per curiam opinion.

---

Luciene M. Parsley, MARYLAND DISABILITY LAW CENTER, Baltimore,
Maryland; Christopher J. Wright, Timothy J. Simeone, Danielle J.
Piñeres, WILTSHIRE & GRANNIS, LLP, Washington, D.C., for
Appellants.    M. Natalie McSherry, KRAMON & GRAHAM, P.A.,
Baltimore, Maryland, for Appellees.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Gladys Hill and her adult daughter, Cynthia Mitchell, (together, Plaintiffs) appeal from a district court order granting summary judgment against them in their civil action brought pursuant to Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794.[*]  After careful review, we vacate the award of summary judgment with respect to one of Plaintiffs' claims and remand for further proceedings.

We review the district court's order granting summary judgment de novo.  Evans v. Techs. Applications & Serv. Co., 80 F.3d 954, 958 (4th Cir. 1996).  In doing so, we construe the facts in the light most favorable to Plaintiffs and give them the benefit of all reasonable inferences.  See Carnell Constr. Corp. v. Danville Redevelopment & Hous. Auth., 745 F.3d 703, 716 (4th Cir. 2014).

The underlying litigation arises out of Hill's inability to secure certain structural modifications to her townhouse following the amputation of her left leg.  For nearly forty years, Hill has rented the same four-bedroom townhouse unit at

---

[*] The order from which Plaintiffs appeal also disposed of their state common-law claim for negligence.  By failing to raise any argument in their opening brief concerning the district court's grant of summary judgment on their negligence claim, Plaintiffs have waived appellate review of the issue. See Town of Nags Head v. Toloczko, 728 F.3d 391, 395 n.4 (4th Cir. 2013).

Hampstead Lester Morton Courts (Hampstead), a federally subsidized housing community in Baltimore City, Maryland. In 2004, Hill's left leg was amputated below the knee due to diabetes-related complications, forcing her to use a wheelchair for mobility. Hill must navigate a series of three steps to enter or exit her townhouse.

In June 2004, Hill's physician sent Hampstead's property manager a letter stating that Hill needed a wheelchair ramp to access her townhouse. The property manager responded to the letter by informing Hill that Hampstead would be undergoing renovations in 2005 and that Alpha Property Management (Alpha), the entity managing Hampstead, would "make preparations to install the handicap ramp" during the renovation process. The property manager vowed to send Hill a letter notifying her of the date that the ramp would be installed, but Hill never received the notification letter.

In January 2005, Hill submitted to Hampstead's property manager a written request for a wheelchair ramp or a transfer to another unit. The property manager responded to Hill's request in a March 31, 2005 letter, explaining that Hill would have the opportunity to transfer to a new, handicap-accessible apartment at the completion of the renovation project. Renovation concluded in October 2005, but Hill never received an offer to transfer to a new apartment.

3

In June 2006, Hill renewed her request for a wheelchair ramp or a transfer to a handicap-accessible unit. The next month, Hill met with Hampstead's property manager, who denied Hill's request for a ramp, stating that Alpha had no legal obligation to provide her with the requested accommodation because the cost of providing a ramp would be too expensive.

On September 30, 2010, Hill's counsel sent a letter to Alpha and Hampstead requesting that Hill's townhouse be equipped with a wheelchair ramp and other structural modifications. Hampstead's counsel responded to the request by email on November 1, 2010, stating that neither Hampstead nor Alpha had a legal obligation to provide the requested accommodations because they would inflict an undue financial hardship on Hampstead and Alpha.

Plaintiffs filed suit against Alpha, Hampstead, and other related entities (collectively, Defendants) in February 2012, alleging that Defendants violated the Rehabilitation Act by refusing to grant to Hill reasonable accommodations. Defendants filed a motion to dismiss or, in the alternative, for summary judgment. Defendants argued that Plaintiffs' claims were time-barred under Maryland's three-year statute of limitations for civil actions because the limitations period began to run—at the latest—when Alpha expressly denied Hill's request for structural modifications in 2006. Any subsequent denials of Hill's

4

proposed accommodations, Defendants insisted, amounted to mere requests to reconsider and, as such, were insufficient to restart the limitations period. The district court, treating the motion as one for summary judgment, agreed with Defendants and entered judgment in their favor.

On appeal, Plaintiffs maintain that the district court erred in finding their Rehabilitation Act claims barred by the three-year limitations period. In support of this contention, Plaintiffs mount two principal arguments. First, they assert that the November 2010 denial of Hill's proposed accommodations qualifies as an independently discriminatory act that triggered a new limitations period. Second, Plaintiffs argue that Defendants' actions constitute a continuing violation of the Rehabilitation Act, thereby extending the limitations period for all of Defendants' alleged failures to accommodate. We agree with Plaintiffs' first argument but disagree with their second.

The limitations period for a Rehabilitation Act claim commences "when the plaintiff 'knows or has reason to know of the injury which is the basis of the action.'" A Soc'y Without a Name v. Virginia, 655 F.3d 342, 348 (4th Cir. 2011) (quoting Cox v. Stanton, 529 F.2d 47, 50 (4th Cir. 1975)). When an individual "engages in a series of acts each of which is intentionally discriminatory, then a fresh violation takes place when each act is committed." Ledbetter v. Goodyear Tire &

5

Rubber Co., 550 U.S. 618, 628 (2007), superseded in part by statute, Lilly Ledbetter Fair Pay Act of 2009, Pub. L. No. 111-2, 123 Stat. 5. In those circumstances, "[e]ach discrete discriminatory act starts a new clock for filing charges alleging that act. . . . The existence of past acts and the [plaintiff's] prior knowledge of their occurrence . . . does not bar [a plaintiff] from filing charges about related discrete acts so long as the acts are independently discriminatory." Nat'l R.R. Passenger Corp. v. Morgan, 536 U.S. 101, 113 (2002). Thus, a plaintiff who renews a request for a previously denied accommodation "may bring suit based on a new 'discrete act' of discrimination if the [defendant] again denies [the] request," Tobin v. Liberty Mut. Ins. Co., 553 F.3d 121, 131 (1st Cir. 2009), and the subsequent denial carries its own, independent limitations period, Cherosky v. Henderson, 330 F.3d 1243, 1248 (9th Cir. 2003) (explaining that if a plaintiff's "new [accommodation] request results in a denial, the time period begins to run anew").

Plaintiffs' amended complaint alleges that Defendants repeatedly denied Hill's requests for accommodations, thereby engaging in multiple discrete acts of discrimination. The final denial occurred in November 2010, inside the three-year limitations period. Because that denial constitutes an allegedly independent and discrete act of discrimination,

6

Plaintiffs' claim premised upon the November 2010 failure to accommodate is not time-barred.

In reaching the opposite conclusion, the district court primarily relied upon Jersey Heights Neighborhood Association v. Glendening, 174 F.3d 180 (4th Cir. 1999). In that case, we rejected the plaintiffs' attempt to extend the limitations period by relying upon the "ongoing effects" of a single discriminatory act, observing that "every refusal to reconsider the [decision] does not revive the limitations period for the original . . . decision. To do so would upset the balance struck by the limitations period between the reasonable needs of individual claimants and the public interest in finality." Id. at 189. Because the complaint was devoid of any "discrete acts of discrimination that f[e]ll within the limitations period," we concluded that the claims were barred by the applicable statute of limitations. Id.

The district court's reliance on Jersey Heights was misplaced. Unlike that case, in which the plaintiff alleged a single act of discrimination, Plaintiffs here allege multiple, discrete acts of discrimination. Because the November 2010 alleged failure to accommodate constitutes a discrete act and occurred during the three-year period immediately preceding the date on which Plaintiffs filed suit, the district court erred in concluding that it was time-barred.

7

Plaintiffs attempt to breathe new life into their failure-to-accommodate claims premised upon denials that occurred before February 2009 (three years before they filed suit) by arguing that the repeated denials of their requests for accommodations constitute a continuing violation that culminates within the limitation period. We disagree. The continuing-violation doctrine applies to claims based upon a defendant's ongoing policy or pattern of discrimination rather than discrete acts of discrimination. See Holland v. Wash. Homes, Inc., 487 F.3d 208, 219-20 (4th Cir. 2007); Williams v. Giant Food Inc., 370 F.3d 423, 429 (4th Cir. 2004). As explained above, a defendant's failure to accommodate constitutes a discrete act rather than an ongoing omission. Accordingly, the continuing-violation doctrine is inapplicable, and Plaintiffs' claims premised upon acts that predate the three-year limitations period are time-barred.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this Court and argument would not aid the decisional process.

VACATED AND REMANDED