Michael A. GALIETI, Plaintiff,

v.

STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY and E.A. Moskalski, Defendants.

Civ. A. No. 92–B–2467.

United States District Court, D. Colorado.

Dec. 30, 1993.

James C. Bull, Bucholtz, Bull & Ewing, P.C., James G. Benjamin, Lea Ann T. Groesser, Benjamin & Hatch, L.L.C., Denver, CO, for plaintiff.

Cecil R. Hedger, Sherri A. Heckel, Harding & Ogborn, Denver, CO, for defendants.

## MEMORANDUM OPINION AND ORDER

BABCOCK, District Judge.

Plaintiff, Michael A. Galieti (Galieti) moves pursuant to Federal Rule of Civil Procedure 15(a) to amend his complaint. For the reasons set forth below, I will deny Galieti's motion to amend.

### I.

Galieti's employment with State Farm Insurance Company (State Farm) was terminated for insubordination on March 31, 1992. Galieti's complaint includes claims for breach of implied contract, promissory estoppel, tortious interference with relationship, defamation, and outrageous conduct, stemming from that termination. Galieti now wishes to add an "unlawful prohibition" claim which alleges the defendants violated Colo.Rev.Stat. § 24–34–402.5(1) by terminating Galieti's employment as a result of Galieti's refusal to cease participating in a legal activity outside of work.

Galieti initially filed a motion to amend his complaint on August 18, 1993. That motion was denied for failure to comply with local rule 7.1(A) regarding pre-motion conferences. Galieti then filed this motion on September 9,

1993. The stipulated deadline to amend was not until September 30, 1993, rendering Galieti's motion timely. Defendants oppose the amendment.

## II.

 Motions to amend a complaint under Federal Rule of Civil Procedure 15 should be freely granted when justice requires. *Las Vegas Ice & Cold Storage Co. v. Far West Bank*, 893 F.2d 1182, 1185 (10th Cir.1990). The decision whether to grant a motion to amend is left to the sound discretion of the district court. *Id.* When a party seeks to add an entirely new claim for relief under Rule 15(a), it may be disallowed if it is time barred. WRIGHT, MILLER & KANE, FEDERAL PRACTICE AND PROCEDURE, § 1474 p. 547 (1990). Here, I will deny Galieti's motion because I conclude that his sixth claim for relief is time barred.

## III.

Part 4 of Article 34, Title 24, Colo.Rev. Stats., was amended in 1990 by the addition of § 24–34–402.5(1) which provides that it is an unfair or discriminatory employment practice to "terminate the employment of any employee due to that employee's engaging in any lawful activity off the premises of the employer during nonworking hours ..." § 24–34–402.5(1), 10A C.R.S. (Supp.1993). Galieti alleges that he was terminated from State Farm for continuing to contact a State Farm subordinate female employee socially after his supervisor directed him to stop the contact. He further alleges that his supervisor's direction regarding social contact was an unlawful prohibition of a legal activity.

Section 24–34–402.5(2)(a) provides as follows:

Notwithstanding any other provisions of this Article, the sole remedy for any person claiming to be aggrieved by a discriminatory or unfair employment practice, as defined in this section, shall be as follows: He may bring a civil suit for damages in any district court of competent jurisdiction and may sue for all wages and benefits which would have been due him up to and including the date of the judgment had the discriminatory or unfair employment prac-

tice not occurred; except that nothing in this section shall be construed to relieve such person from the obligation to mitigate his damages.

§ 24–34–402.5(2)(a), 10A C.R.S. (Supp.1993).

 Defendant first argues that Galieti has not exhausted the administrative procedures, set forth in § 24–34–306, C.R.S., which are a condition precedent to asserting an "unlawful prohibition" claim under § 24–34–402.5. I disagree. Section 24–34–402.5, *"notwithstanding* any other provisions" of Article 34, provides for the bringing of a civil lawsuit in district court. Nowhere in the statute is it required that a § 24–34–402.5 claimant exhaust any other procedures or remedies, administrative or otherwise.

Defendants further assert that the Colorado Civil Rights Commission is the entity with which an "unlawful prohibition" claimant must first seek redress. The Commission, however, indicates that it will not handle claims arising under § 24–34–402.5. It is the interpretation of the Commission that while the "unlawful prohibition" statute was inserted in Article 34 of the Colorado Statutes, compliance with the administrative remedies set forth in Article 34 is not necessary, nor will such claims even be recognized by the Commission due to the specific language set forth in § 24–34–402.5 regarding the sole remedy of bringing a civil action in district court. (*See* Plaintiff's Reply, Exhibit A.) It is apparent that if the Colorado Civil Rights Commission will not accept jurisdiction over claims made under § 24–34–402.5, the intent of said section is not to require exhaustion of administrative remedies before the Commission, but to proceed as set forth in the statute, by bringing a civil action for damages in any district court of competent jurisdiction.

 Defendants further argue that even if I determine that the exhaustion of administrative remedies is not required, plaintiff's action is still barred by the statute of limitations contained in § 24–34–403. Section 24–34–403 provides that any charge alleging a violation of Part 4 shall be filed with the Commission pursuant to § 24–34–306 within six months after the alleged discriminatory

**106**

or unfair practice occurred and, if not so filed, it shall be barred.

Galieti argues that this section applies only to charges that are to be filed with the Colorado Civil Rights Commission pursuant to § 24–34–306, which, as discussed above, does not include a claim for "unlawful prohibition." No court has made a determination on the applicability of the statute of limitations contained in § 24–34–403 to § 24–34–402.5. In *Slater v. King Soopers, Inc.*, 809 F.Supp. 809 (D.Colo.1992), Judge Carrigan stated in a footnote that the time limitations set forth in § 24–34–403 *may* bar a claim brought pursuant to § 24–34–402.5. *Id.* at 810 n. 1. It is the position of the Colorado Civil Rights Division that the 6–month statute of limitations set out in § 24–34–403 governs all actions under Part 4, including actions brought pursuant to § 24–34–402.5. (*See* Defendants Supplemental Reply, Exhibit A.) I will adopt the Commission's position. Thus, I conclude that plaintiff's § 24–34–402.5 claim is time barred and I will deny the motion to amend the complaint.

Accordingly, it is ORDERED that Galieti's motion to amend his complaint is DENIED.