**Christine GALVAN, Plaintiff–Appellant,**

**v.**

**SPANISH PEAKS REGIONAL HEALTH CENTER formerly Huerfano Medical Center, Colorado State Veterans Nursing Home, and Board of Trustees for Spanish Peaks Regional Health Center, Defendants–Appellees.**

**No. 03CA1243.**

Colorado Court of Appeals,
Div. V.

July 29, 2004.

§ 24–51–1105, C.R.S.2003.

Garrett Sheldon, Walsenburg, Colorado, for Plaintiff–Appellant.

Vaughan & DeMuro, Christopher Cipoletti, Colorado Springs, Colorado, for Defendants–Appellees.

Opinion by Justice KIRSHBAUM.*

Plaintiff, Christine Galvan, appeals the judgment dismissing as untimely her claim for termination for engaging in lawful off-the-job conduct against defendants, Spanish Peaks Regional Health Center, Colorado State Veterans Nursing Home, and the Board of Trustees for Spanish Peaks Regional Health Center. We reverse and remand.

Plaintiff's employment with Spanish Peaks Regional Health Center was terminated on March 28, 2000. On September 7, 2000, plaintiff filed a civil rights complaint based on racial discrimination with the Colorado Civil Rights Commission. On November 9, 2001, the Commission issued a finding of probable cause on plaintiff's racial discrimination claim. On February 7, 2002, plaintiff brought this action claiming race discrimination and termination for engaging in lawful off-the-job conduct under § 24–34–402.5, C.R.S.2003.

The trial court subsequently held a hearing on whether plaintiff's claims were barred by the applicable statute of limitations. Relying

on the federal district court's decision in *Galieti v. State Farm Mutual Automobile Insurance Co.*, 840 F.Supp. 104 (D.Colo. 1993), the trial court determined that plaintiff's claim under § 24–34–402.5 should be dismissed because it was barred by the six-month limitations period set forth in § 24–34–403, C.R.S.2003. The trial court subsequently granted plaintiff's request for C.R.C.P. 54(b) certification of its ruling, and this appeal followed.

Plaintiff contends that the trial court erred in determining that her claim under § 24–34–402.5 was barred by the six month statute of limitations set forth in § 24–34–403. We agree.

Section 24–34–402.5(1), C.R.S.2003, provides that "[i]t shall be a discriminatory or unfair employment practice for an employer to terminate the employment of any employee due to that employee's engaging in any lawful activity off the premises of the employer during nonworking hours" with exceptions not relevant here. The statute then provides that "[n]otwithstanding any other provisions of this article, the sole remedy for any person claiming to be aggrieved by a discriminatory or unfair employment practice" is to "bring a civil suit for damages in any district court of competent jurisdiction." Section 24–34–402.5(2)(a), C.R.S.2003.

The six-month statute of limitations set forth in § 24–34–403 provides as follows:

Any charge alleging a violation of this part 4 shall be filed with the commission pursuant to section 24–34–306 within six months after the alleged discriminatory or unfair employment practice occurred, and if not so filed, it shall be barred.

 The primary task of a court in construing a statute is to give effect to the intent of the General Assembly. *Woodsmall v. Reg'l Transp. Dist.*, 800 P.2d 63 (Colo.1990). To determine legislative intent, we must look primarily to the language of the statute itself and then give effect to the statutory terms in accordance with their commonly accepted meaning. *Jones v. Cox*, 828 P.2d 218 (Colo.

---

* Sitting by assignment of the Chief Justice under provisions of Colo. Const. art. VI, § 5(3), and § 24–51–1105, C.R.S.2003.

1992). Only if the statutory text lends itself to alternative constructions should a court employ alternative means to determine legislative intent. *Reg'l Transp. Dist. v. Voss*, 890 P.2d 663 (Colo.1995).

Defendants rely on the federal district court's decision in *Galieti, supra*, to support the trial court's decision. In *Galieti*, the federal court adopted, without any independent analysis, the position of the Colorado Civil Rights Division (CCRD) "that the 6-month statute of limitations set out in § 24-34-403 governs all actions under Part 4, including actions brought pursuant to § 24-34-402.5." *Galieti v. State Farm Mut. Auto. Ins. Co., supra*, 840 F.Supp. at 106. Based solely on the CCRD's position, the *Galieti* court concluded that the plaintiff's claim under § 24-34-402.5 was time barred.

Because we construe the relevant statutory provisions to reach a contrary result, we do not adopt either the reasoning or the outcome in *Galieti*.

Section 24-34-402.5 plainly contemplates that the sole remedy for any person aggrieved by a discriminatory or unfair employment practice as defined by that statute is to bring a civil suit for damages in district court. In contrast, § 24-34-403 provides that "[a]ny charge alleging a violation of this part 4 *shall be filed with the commission* pursuant to § 24-34-306 within six months after the alleged discriminatory or unfair employment practice occurred." (emphasis added).

Section 24-34-306 sets forth an administrative procedure that governs the filing of a complaint with the commission. This procedure is applicable to most claims for discriminatory conduct set forth in part 4, article 34, title 24. However, because the limitations statute applies to claims "filed with the commission" and the sole remedy for a violation of § 24-34-402.5 is a suit for damages in district court, the administrative procedures set forth in § 24-34-306 are not applicable to a claim under § 24-34-402.5. Consequently, we conclude that the six-month limitation period set forth in § 24-34-403 applies only to claims filed with the commission and does not apply to claims filed in a district court pursuant to § 24-34-402.5.

It is noteworthy that § 24-34-403 was last amended in 1989 and that § 24-34-402.5 was enacted in 1990. *See* Colo. Sess. Laws 1989, ch. 207, § 24-34-403 at 1041; Colo. Sess. Laws 1990, ch. 172, § 24-34-402.5 at 1222-23. In enacting § 24-34-402.5, the General Assembly chose not to modify the language in § 24-34-403 to make the six-month limitations period applicable to claims that are filed with the district court in addition to those filed with the commission. The timing of these legislative changes and the failure of the General Assembly to modify § 24-34-403 to include claims filed with the district court support the conclusion that the six-month limitations period set forth in § 24-34-403 was intended not to apply to claims filed under § 24-34-402.5.

We conclude that the six-month time limitation does not apply to plaintiff's claim under § 24-34-402.5 and that her claim is governed by the two-year statute of limitations set forth in § 13-80-102, C.R.S.2003. Thus, her claim was timely under that statute.

The judgment is reversed and the case is remanded to the trial court with directions to reinstate plaintiff's claim for termination for engaging in lawful off-the-job conduct under § 24-34-402.5.

Judge ROY and Judge VOGT concur.